UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 1 3 2000

NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

```
                                    )
REGINALD G. MOORE et al.,           )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )    Civil Action No. 00-0953 (RWR)
                                    )
LAWRENCE SUMMERS, Secretary         )
U.S. Department of the              )
Treasury,                           )
                                    )
            Defendant.              )
                                    )
```

## MEMORANDUM AND ORDER

Plaintiffs, ten African-American current and former special agents of the United States Secret Service purporting to represent a putative class of African-American special agents who have been employed by the Secret Service from January 1, 1974 to the present, have filed this action against the Treasury Secretary claiming, among other things, a pattern and practice of racial discrimination in the Secret Service's job promotion evaluation system. Plaintiffs have filed a motion to expedite discovery on class certification issues, an application for a preliminary injunction, a motion to expedite discovery regarding issues raised in their application for a preliminary injunction, a motion for an expedited hearing on their application for a preliminary injunction, and a motion to compel a case management

conference. Defendant opposes all of the plaintiffs' motions and has filed a motion to dismiss the complaint.

I find that: (1) it is in the interest of justice to rule on the defendant's dispositive motion prior to allowing discovery on class certification; (2) plaintiffs have failed to demonstrate that they will be prejudiced if discovery on class certification and a hearing on their preliminary injunction is not expedited;(3) plaintiffs have shown good cause to justify limited discovery on the issues raised in their application for a preliminary injunction; and (4) under the circumstances, the Local Civil Rules require that a case management conference be held. Therefore, plaintiffs' motions for expedited discovery on class certification and for an expedited hearing on their application for a preliminary injunction will be denied and their motions for expedited discovery regarding preliminary injunction issues and to compel a case management conference will be granted.

I.   <u>Motion for Expedited Discovery on Class Certification</u>

Plaintiffs filed this case as a proposed class action on May 3, 2000. Federal Rule of Civil Procedure 23(c)(1) provides that "[a]s soon as practicable after the commencement of the an action brought as a class action, the court shall determine by order whether it is to be so maintained." Local Civil Rule

- 3 -

23.1(b) in turn requires the plaintiffs to file their motion for class certification "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period. . . ." Plaintiffs have moved for expedited discovery on the class certification issue, arguing that they will have insufficient time to engage in such discovery after defendant has responded to the complaint,[1] that such discovery would speed the resolution of this matter, and that plaintiffs will suffer irreparable harm if such expedited discovery does not occur. Defendant maintains that expedited discovery on the certification issue is unnecessary and would be inefficient since he filed a pre-certification dispositive motion. I agree with the defendant.

Plaintiffs' initial concern that they be allowed to engage in sufficient discovery to support their motion for class certification can be easily addressed. Local Civil Rule 23.1

---

[1] Defendant, as an officer of the United States government, had 60 days to respond to the complaint under Federal Rule of Civil Procedure 12(a)(3). Local Civil Rule 16.3(a) requires the parties to hold a case management conference within 15 days after the defendant's response is filed. Rule 26(d) of the Federal Rules of Civil Procedure prohibits a party from seeking discovery until the parties have met and conferred. Plaintiffs were therefore concerned that they might have only 15 days in which to conduct discovery before reaching the filing deadline for their class certification motion.

expressly provides that the court may extend the 90-day filing deadline at its discretion. Defendant has represented that he would not oppose such an extension. (Def.'s Mem. Opp'n Pl.'s Mot. for Expedited Discovery at 3.) Alternatively, if plaintiffs file their motion within the 90-day period, the parties may move to supplement their filings after discovery on class certification issues has been completed. Accordingly, upon request, the parties will be given ample time in which to engage in full discovery on class certification issues.

Plaintiffs' contention that expedited discovery will lead to a speedier resolution of this matter is speculative. "While the presumption should be in favor of an early resolution [of certification], the appropriate timing will vary with the circumstances of the case." Manual for Complex Litigation § 30.11 (3d ed. 1995). Although plaintiffs are correct in asserting that discovery on class certification issues is often necessary and that Rule 23 by its terms favors certification before proceeding to the merits, here, defendant has already filed a motion to dismiss the class claim and the individual claims of the ten named plaintiffs on jurisdictional grounds and on the merits. The D.C. Circuit and several other courts of appeals have recognized that because a defendant may waive the safeguards of Rule 23(c) by seeking an early ruling on the

merits, it is not an abuse of discretion for a district court to rule on a defendant's dispositive motion before reaching the class certification issue. See, e.g., Postow v. OBA Fed. Savings and Loan Ass'n, 627 F.2d 1370, 1382 (D.C. Cir. 1980) (reasoning that, while pre-judgment certification and notice to the class are intended to protect the defendant from multiple individual suits, "that rationale disappears when the defendant himself moves for summary judgment before a decision on class certification" because, by so moving, "the defendant[] . . . assume[s] the risk that a judgment in [his] favor will not protect [him] from subsequent suits by other potential class members. . . .") (internal quotations and citation omitted); Adamson v. Bowen, 855 F.2d 668, 677 n.12 (10th Cir. 1988) ("In appropriate cases, the court can use an accelerated summary judgment procedure before class certification to test the plaintiff's right to proceed to trial") (citation omitted); Wright v. Schock, 742 F.2d 541, 544 (9th Cir. 1984) ("Where the defendant assumes the risk that summary judgment in his favor will have only stare decisis effect on the members of the putative class, it is within the discretion of the district court to rule on the summary judgment motion first"); Katz v. Carte Blanche Corp., 496 F.2d 747, 759-762 (3d Cir. 1974) (en banc) (asserting that, where defendant "was content to take its chances

on <u>stare decisis</u> rather than <u>res judicata</u>" and notice of a class action might pose hardship to the defendant, "the district court must seriously consider that alternative, and should, absent other compelling circumstances, pursue that course"), <u>cert. denied</u>, 419 U.S. 885 (1975). Ruling on a dispositive motion against the named plaintiffs will have no prejudicial effect on those putative class members who remain free to file their own suits against the defendant within their statutes of limitations since filing a class action tolls the statute of limitations for the putative class members. <u>See</u> <u>Wright</u>, 742 F.2d at 545 (citations omitted); <u>Katz</u>, 496 F.2d at 762.

Pre-certification resolution of a dispositive motion is particularly appropriate and enhances efficiency when the motion alleges that the court lacks subject matter jurisdiction. <u>See</u> <u>Manual for Complex Litigation</u> at § 30.11 (noting that "[t]he court should rarely postpone a ruling on the subject-matter jurisdiction or jurisdiction of the parties [pending class certification].") Defendant's dispositive motion argues, among other things, that the class and individual claims must be dismissed for failure to exhaust administrative remedies, which is a jurisdictional prerequisite to the maintenance of any employment discrimination claim under Title VII of the Civil Rights Act of 1964. <u>See</u> 42 U.S.C. § 2000e-16 (1994).

Accordingly, under the circumstances of this case, judicial economy would in all probability best be served if I ruled on the defendant's motion to dismiss before the parties incur the significant time and expense associated with the extensive discovery that is likely to occur in connection with both certification and the merits.

Lastly, plaintiffs claim they will suffer irreparable harm without expedited certification discovery,[2] rather obliquely implying that a class certification decision would more quickly remedy a discriminatory evaluation and promotion system.  That argument is unpersuasive.  Plaintiffs have filed a motion for a preliminary injunction which seeks, among other things, to enjoin the use of the allegedly discriminatory evaluations at issue.  If plaintiffs prevail on that motion, any potential imminent and irreparable injury that the plaintiffs might suffer as a result of the current performance evaluation system presumably would be halted.  Plaintiffs' claim that they will be prejudiced if class certification discovery is not expedited thus is unsubstantiated.  Accordingly, plaintiffs' motion for expedited discovery on class certification will be denied.

---

[2] Plaintiffs raised this argument for the first time in their reply brief.  Defendant therefore filed a motion for leave to file a surreply.  That motion will be granted.

II. <u>Motions for Expedited Discovery and Expedited Hearing on Application for Preliminary Injunction</u>

On June 1, 2000, plaintiffs filed together with their application for a preliminary injunction a motion for expedited discovery on the issues raised by the application and a motion for an expedited hearing on the application.

    A.   <u>Motion for Expedited Discovery on Preliminary Injunction Issues</u>

Plaintiffs claim that they require expedited discovery in order to support their allegations of retaliation contained in their application for a preliminary injunction. The commentary to the 1993 amendments to Rule 26(d) recognizes that expedited discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction . . . ." Defendant counters that "plaintiffs' concerns about irreparable harm are misplaced. . . ." (Def.'s Opp'n to Pl.'s Appl. Prelim. Inj. at 1 n.1.) If the plaintiffs are permitted to engage in limited discovery, I will be in a better position to assess their claim that they are being retaliated against for filing this suit. Accordingly, I find that plaintiffs have shown good cause justifying limited discovery regarding whether the defendant has retaliated against the named plaintiffs in this action. I do not expect that this limited discovery will be unduly burdensome because plaintiffs have requested only that they be permitted to

- 9 -

depose an agency designee regarding the issues raised by the plaintiffs' retaliation claim. I will also accord the parties an opportunity to supplement their preliminary injunction filings once this limited discovery has been completed.

B.   <u>Motion for Expedited Hearing</u>

Plaintiffs maintain, pursuant to Local Civil Rule 65.1(d),[3] that an expedited preliminary injunction hearing is necessary for largely the same reasons that expedited discovery on the class certification issue is required. They therefore requested a hearing prior to June 21, 2000.[4] Given the fact that I have

---

[3] Local Civil Rule 65.1(d) provides:

> On request of the moving party together with a statement of the facts which make expedition essential, a hearing on an application for preliminary injunction shall be set by the court no later than 20 days after its filing, unless the court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties.

[4] Plaintiffs have filed a notice in which they contend that their motions for an expedited hearing and for expedited discovery on the preliminary injunction have been conceded because defendant failed to file separate oppositions to those motions. However, defendant timely replied, clearly stated in his opposition to plaintiffs' motion for a preliminary injunction that he "opposes plaintiffs' 'Motion for Expedited Hearing' and 'Motion to Expedite Discovery Regarding Preliminary Injunction Issues'" and he referred to the arguments he put forth in opposition to plaintiffs' motion for expedited discovery on class certification and motion for a preliminary injunction. (Def.'s Opp'n to Pl.'s Appl. Prelim. Inj. at 1 n.1.) Accordingly, I will not treat the plaintiffs' motions to expedite as conceded.

- 10 -

granted the request for limited discovery prior to the hearing and will permit the parties to supplement their filings thereafter, I find that a later hearing date will not prejudice the parties.  Therefore, I will deny plaintiff's motion for an expedited hearing.  In keeping with the spirit of Local Civil Rule 65.1(d), however, I will schedule a hearing on plaintiff's application for a preliminary injunction at a time soon after the supplemental filings are due.

III.  Motion to Compel Case Management Conference

Plaintiffs have also filed a motion to compel a case management conference.  Plaintiffs contend that, by entering an appearance and filing oppositions to plaintiffs' motions to expedite and motion for a preliminary injunction, defendant triggered the duty to meet and confer imposed by Local Civil Rule 16.3.[5]  Regardless of the merits of plaintiff's argument, the parties agree that the duty to meet and confer was unquestionably triggered on June 30, 2000 when the defendant filed a motion to dismiss.  Accordingly, plaintiffs' motion will be granted and the parties will be ordered to meet and confer, if they have not done so already, no later than July 21, 2000.

---

[5] Local Civil Rule 16.3 requires the parties to meet and confer "within 15 days of the defendant's appearance or first filing in the form of an answer or motion."

IV. <u>Ethical Disclosure</u>

I feel it necessary to disclose to the parties certain facts in this first memorandum and order issued in this case. In March of this year, I had lunch with Treasury Undersecretary James E. Johnson and another friend. The <u>Washington Post</u> had reported a short time earlier that plaintiffs had filed the EEO complaint in this matter. I recall refering to the article and commenting to Undersecretary Johnson that reading it must have been a hard way for him to have had to start the day. Undersecretary Johnson expressed regret that the matter had not been resolved. I cannot recall any discussion of the case beyond that.

I had come to know Undersecretary Johnson when he became Assistant Secretary for Enforcement at the Treasury Department and co-chaired the Church Arson Task Force of which I was a member while employed at the Justice Department. ATF agents helped investigate the church arsons. One of the matters the Task Force discussed was the Treasury Department's investigation of the participation by ATF agents in the "Good Ol' Boys Roundup," which is mentioned in paragraph 105 of the plaintiffs' complaint.

My current judgment is that these facts do not warrant my recusal from this case. Neither my very brief discussion with Undersecretary Johnson about the filing of the EEO complaint nor

my exposure to the Good Ol' Boys Roundup investigation creates an appearance of impropriety such that a reasonable person would question my impartiality.  My acquaintance with Undersecretary Johnson should not alone raise an appearance of bias.  There is no indication at this point that I will be required to assess his credibility as a witness.  Moreover, plaintiffs' allegation regarding the Roundup, which is contained in a single paragraph of a 128-paragraph complaint, is but one instance in an over two-decade long series of events cited by plaintiffs as giving rise to this case.  Despite my decision not to recuse myself, out of an abundance of caution, I make these disclosures to the parties so that they may take whatever steps they deem appropriate well before the hearing on plaintiff's application for a preliminary injunction or at any time thereafter should they conclude that my impartiality could reasonably be questioned.  For the foregoing reasons, it is hereby

ORDERED that plaintiffs' Motion for Expedited Discovery [3] be, and hereby is, DENIED.  It is further

ORDERED that plaintiffs' Motion for Expedited Hearing [11] be, and hereby is, DENIED.  It is further

ORDERED that the plaintiffs' Motion to Compel a Case Management Conference [16] be, and hereby is, GRANTED.  It is further

- 13 -

ORDERED that the parties shall meet and confer, if they have not done so already, on or before July 21, 2000.  It is further

ORDERED that plaintiffs' Motion for Expedited Discovery Regarding Preliminary Injunction Issues [7] be, and hereby is, GRANTED.  It is further

ORDERED that plaintiffs be allowed to take the deposition of the agency designee(s) of the United States Secret Service on or before July 31, 2000 for the purposes of plaintiffs' Application for a Preliminary Injunction and that such deposition shall be limited to issues regarding plaintiffs' claim that the named plaintiffs were retaliated against by the defendant after filing the above-captioned lawsuit.  It is further

ORDERED that plaintiffs may supplement their Application for a Preliminary Injunction on or before August 10, 2000.  It is further

ORDERED that the defendant may file a response to any supplement to plaintiffs' Application for a Preliminary Injunction on or before August 21, 2000.  It is further

ORDERED that a hearing on plaintiff's Application for a Preliminary Injunction be, and hereby is, scheduled for September 1, 2000 at 10:00 a.m.  It is further

- 14 -

ORDERED that defendant's Motion for Leave to File Surreply [14] be, and hereby is, GRANTED.  It is further

ORDERED that defendant's Motion For Enlargement of Time [15] be, and hereby is, GRANTED nunc pro tunc.


SIGNED this 13th day of July, 2000.

_____
RICHARD W. ROBERTS
United States District Judge