UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COL/UMBIA

| | | |
|---|---|---|
| REGINALD G. MOORE, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. 00-953 (RWR) |
| | ) | |
| TOM RIDGE, Secretary | ) | |
| U.S. Department of Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ANSWER

Defendant Tom Ridge, Secretary, U.S. Department of Homeland Security, by and through

his undersigned attorneys, respectfully submits the following answer to plaintiffs' Complaint:

## FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs have failed to exhaust their administrative remedies with regard to some of their

claims.

## THIRD DEFENSE

Some of plaintiffs' claims are untimely.

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over some of plaintiffs' claims.

## FIFTH DEFENSE

In response to the numbered paragraphs of the Complaint, defendant admits, denies or

otherwise avers as follows:

I.      NATURE OF ACTION

        1.      This paragraph appears to concern plaintiffs' purported class claim which was

dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no

answer is required.  Insofar as an answer is required, this paragraph is denied.

II.     JURISDICTION, EXHAUSTION OF ADMINISTRATIVE REMEDIES AND
        TOLLING OF LIMITATIONS

        2.      Insofar as this paragraph concerns plaintiffs' purported class claim which was

dismissed from this complaint by Order of this Court dated October 24, 2004, no answer is

provided.  Insofar as the first sentence of this paragraph concerns the individual complaints of the

five remaining plaintiffs, admit as to plaintiff Raymond Moore's July 1999 non-selection for

promotion to position of Assistant Special Agent in Charge (ASAIC), Presidential Protective

Division, position number 99-089, deny as to plaintiffs Turner, Summerour, Tyler and Ivery.

Insofar as the second sentence of this paragraph concerns the remaining five plaintiffs' individual

complaints, admit.

        3.      Deny the first sentence of this paragraph, except to admit that plaintiff

Reginald Moore filed a timely administrative complaint of discrimination and exhausted that

complaint in regard to a single non selection for promotion from the GS-13 to the GS-14 level,

which occurred in July 1999, position number 99-089.   The remaining sentences appear to

concern plaintiffs' purported  class claim which has been dismissed from this complaint by Order

of this Court dated  October 24, 2004.   Therefore, no answer is required.  Insofar as an answer is

required, deny.

2

4.     This paragraph appears to concern plaintiffs' purported class claim which was dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar as an answer is required, deny.

5.     This paragraph appears to concern plaintiffs' purported class claim which was dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar as an answer is required, deny.

6.     The defendant is aware that the plaintiffs have submitted to this Court a copy of a document dated March 26, 1974, indicating that it was addressed to H.S. Knight, then Director of the United States Secret Service (Secret Service).  At this time, however, the defendant can neither confirm nor deny any information concerning this document or the information contained in the document.  In specific regard to the first sentence of this paragraph the defendant denies that two of the thirty-five individuals whose names appear on the copy of the document dated March 26, 1974, as provided by the plaintiffs to this Court, are plaintiffs in this complaint.  Aver that the two individuals to whom the plaintiffs most likely refer have been dismissed from this complaint by Order of this Court dated October 24, 2004.  Further, defendant denies that the statements made in this paragraph are true or accurate as of the time this complaint was filed or currently.

7-9.     Insofar as these paragraph alleges discrimination in hiring, assignments, or non-selection for promotion during the years 1972 and 1973, any such issues were dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is provided.  Insofar as these paragraphs concern the issues remaining in this case, non-selection for promotion of the five remaining plaintiffs from the GS-13 to the GS-14 level in 1998 and/or 1999, the

defendant responds that it is aware that the plaintiffs have submitted to this Court a copy of a document dated March 26, 1974, indicating that it was addressed to H.S. Knight.  At this time, the defendant can neither confirm nor deny any information concerning the creation or use of this document. Also at this time, the defendant is unable to confirm or deny the truth or accuracy of factual assertions made in the document, as of 1974, the date of the document. The defendant denies, however, that the statements contained in the document dated March 26, 1974, were true or accurate at the time of the filing of the lawsuit, or presently.

10- 13.  Insofar as these paragraphs allege harassment and/or discrimination in hiring, assignments, promotions other than those concerning the non-selection of the five remaining plaintiffs from the GS-13 to the GS-14 level in 1998 and 1999, any such issues were dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is provided.  Insofar as this paragraph concerns matters related to the specific non-selections for promotion remaining at issue in this complaint, the defendant responds that it is aware that the plaintiffs have submitted to this Court a copy of a document dated November 7, 1977, which document indicates that it was sent to H.S. Knight, the then Director of the Secret Service.  At this time, the defendant can neither confirm nor deny any information concerning the creation or use of this document.  Also at this time, the defendant can neither confirm nor deny the truth or accuracy of the factual assertions made in the document as of 1977, the date of the document. The defendant denies, however, that the statements contained in the document dated November 7, 1977, were true or accurate at the time of the filing of the lawsuit, or presently.

14.     Insofar as this paragraph concerns a claim of hostile environment, any such issue has been dismissed from this complaint by Order of this Court dated October 24, 2004.

Therefore, no answer is required.  Insofar as this paragraph concerns the issues remaining in this complaint, admit.

15.     Insofar as this paragraph alleges discrimination in recruiting, hiring, assignments, discipline, and promotion other than non-selection for promotion from the GS-13 to the GS-14 level in 1998 and 1999, any such issues have been dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar as this paragraph concerns the non-selection issues remaining in this complaint, the defendant responds as follows. In regard to the first sentence, admit, that on or about April 7, 1987, there was a meeting between some African American Special Agents of the Secret Service and  Kevin Houlihan, then Assistant Director of the Office of Investigations, and George Opfer, then Deputy Assistant Director Protective Operations, aver that others were also present at this meeting, and deny that the purpose of the meeting was to "discuss once again the problem of widespread discrimination in the Secret Service." In regard to the second sentence, admit that the African American Special Agents who attended the April 7, 1987, meeting provided the defendant with a copy of a memorandum dated April 7, 1987.

16-17.   Insofar as these paragraphs allege discrimination in recruiting, hiring, assignments, and promotion other than non-selection for promotion from the GS-13 to the GS-14 level in 1998 and 1999, any such issues have been dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar as these paragraphs concern the non-selection for promotion issues remaining in this complaint, the defendant responds that it lacks sufficient information to either confirm or deny whether the listed statements and quoted sentences set forth in these two paragraphs were in fact made during an

April 7, 1987, meeting.  As to the truth and accuracy of the statements themselves, the defendant denies that the statements made in these paragraphs were true at the time of the filing of this lawsuit or currently.

18.     Insofar as this paragraph alleges discrimination in assignments, any such issues were dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar as this paragraph concerns the remaining non-selection for promotion issues in this complaint, the defendant lacks sufficient information to either confirm or deny whether the quoted statements set forth in this paragraph were indeed made during the April 1987 meeting.  As to the truth and accuracy of the statements themselves, the defendant denies that the statements made in this paragraph were true at the time this law suit was filed or currently. The defendant avers that at the time relevant to the remaining issues in this complaint African Americans Special Agents and Supervisory Special Agents held or had held positions in many, if not all, of the offices listed by the plaintiffs in this paragraph. Further, African Americans have held numerous policy making and other prestigious positions with the Secret Service, including Deputy Director, a number of Assistant Director and Deputy Assistant Director positions, Special Agent in Charge (SAIC) of the Presidential Protection Detail, SAIC Vice Presidential Protection Detail, SAIC Dignitary Protection Detail, and SAIC of some of the Secret Service's largest field offices, to include New York, Chicago, Dallas, San Francisco, and Houston.  Many of these positions were and are at the Senior Executive Service (SES) level.

19.     Insofar as this paragraph alleges discrimination in assignments, any such issues was dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar as this paragraph concerns the remaining non selection for promotion

issues, defendant lacks sufficient information to either confirm or deny whether the statements

alleged to have been made at the April 1987 meeting were in fact made.  However, defendant

denies the truth or accuracy of any such statements.

20.    Insofar as this paragraph alleges discrimination in discipline, any such issues were

dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no

answer is required.  Insofar as an answer is required, deny.

21.    Insofar as this paragraph alleges discrimination in regard to any matter other than

the remaining non-selection for promotion from the GS-13 to the GS-14 level concerning the five

named plaintiffs, any such issues were dismissed from this complaint by Order of this Court

dated October 24, 2004.  Therefore, no answer is provided.  Insofar as this paragraph concerns

the remaining non-selection for promotion issues, the defendant lacks sufficient information to

either confirm or deny that the statements set forth in this paragraph were in fact made during the

April 1987 meeting.  The defendant avers that in 1987 it established a pilot ombudsman program

within its Uniformed Division.  This program became open to all employees in 1989.

22-25.  Insofar as these paragraphs allege discrimination in hiring, assignments, or

discipline, any such issues were dismissed from this complaint by Order of this Court dated

October 24, 2004.  Therefore, no answer is required.  Insofar as these paragraphs concern the

remaining non-selection for promotion issues, defendant responds that these paragraphs purport

to repeat statements made in a letter dated August 17, 1987.  Plaintiffs have submitted a copy of

this letter to the Court.  Defendant respectfully refers the Court to that letter for a full and fair

understanding of its contents.

26.     This paragraph appears to solely concern former plaintiff Donald Tucker's claim of discrimination and retaliation in performance evaluations and awards.  That complaint and plaintiff Tucker have been dismissed from the complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  If an answer is required, deny.

27.     Insofar as this paragraph concerns former plaintiff  Tucker's claim of discrimination/retaliation, former plaintiff Tucker has been dismissed from this complaint by Order of this Court dated October 24, 2004.  Insofar as this paragraph concerns the non-selection for promotion issues remaining in this complaint, the defendant responds to the first and second sentences of this paragraph as follows.  These sentences claim to restate or quote statements made in a letter dated November 12, 1987.  The plaintiffs have provided the Court with a copy of this letter. Defendant respectfully refers the Court to the November 12, 1987, letter for a full and fair understanding of its contents.  In regard to the third sentence, deny.

28-33.  (It is noted that plaintiffs have listed two paragraphs numbered as 31.)  Insofar as these paragraphs allege discrimination in recruiting, hiring, promotions other than those specific issues remaining in this complaint, awards and bonuses, or discipline, these matters have been dismissed from the complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar as this paragraph concerns the non-selection for promotion issues remaining in this complaint, the defendant responds that these paragraphs claim to repeat statements made in a letter dated April 12, 1989.  Plaintiffs have submitted a copy of this letter to the Court.  Defendant respectfully refers the Court to that letter for a full and fair understanding of its contents.  In regard to these paragraphs, the defendant avers that at the time of the filing of this lawsuit and currently, African American Special Agents have been promoted to and held a

8

number of SES positions within the Secret Service including Deputy Director, Assistant Director, Deputy Assistant Director, SAIC of the Presidential Protective Division, SAIC Vice Presidential Protective Division, and SAIC Dignitary Protection Division, as well as SAIC of many of the defendant's largest field offices.  What is more, at the time of the filing of this lawsuit, two of the Secret Service's seven Assistant Directors were African American, while of its eleven SES field offices, four of the SAICs were African American, three were white, two were Asian Pacific Islander, one was Hispanic, and one position was vacant.

34.    Admit the first sentence.  In regard to the second sentence, at this time, the defendant lacks sufficient information to confirm or deny this statement.

35-39.  These paragraphs would appear to concern plaintiffs' purported class complaint which has been dismissed from this complaint by Order of this Court dated October 24, 2004. Therefore, no answer is required.

40.    This paragraph appears to concern plaintiffs' purported class complaint which has been dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar as an answer is required, deny.

III.    PARTIES

41.    Admit the first sentence.  Deny the second and third sentences.  In regard to the fourth sentence admit that plaintiffs have served as law enforcement officers which positions are inherently dangerous, deny that any of the plaintiffs have been part of any exceptional situation which placed their life at risk.  Also in regard to the fourth sentence, aver that at least two of the remaining named plaintiffs have been the subject of a disciplinary action or the subject of an

arrest and judicial proceeding, and the subject of a special investigation(s) conducted by the Secret Service Office of Inspection due to allegations of on or off duty misconduct.

41(a).  Deny the first sentence, aver that plaintiff is a GS-15, Supervisory Special Agent. In regard to the second sentence admit that Reginald Moore was first employed by the Secret Service in 1984, deny the remaining portions of this sentence.  Deny the third, fourth, fifth and sixth sentences.

41(b).  Deny the first sentence, and aver that plaintiff John Turner retired from employment with the Secret Service effective March 24, 2001, and that at this time he was a GS-14, Supervisory Special Agent.  In regard to the second sentence, admit that plaintiff Turner began employment with the Secret Service as a Uniformed Division Officer in 1980, deny that plaintiff Turner is a GS-13 special agent.  Admit that plaintiff Turner was first employed by the Secret Service in 1980.  Deny the third sentence.  Admit the fourth sentence.  Deny the fifth sentence, and aver that at the time plaintiff retired from the Secret Service he was assigned as a GS-14 Supervisory Special Agent in the Secret Service's Washington Field Office. The defendant lacks sufficient information to either confirm or deny the sixth sentence.

41( c).  Deny the first sentence, aver that plaintiff Summerour is a GS-14 Supervisory Special Agent of the Secret Service.  In regard to the second sentence deny that plaintiff Summerour is a GS-13 special agent, admit that she has been employed by the Secret Service since 1986.  The defendant lacks information sufficient to confirm or deny the statement made in the third sentence.  In regard to the fourth sentence admit that plaintiff Summerour was assigned to the Presidential Protective Division for five years.  Deny the fifth sentence.

41(d).  This paragraph concerns a plaintiff whose individual complaints have been dismissed from this complaint; therefore, no answer is required.

41(e).   Admit the first and second sentences. The defendant lacks sufficient information to either confirm or deny the third or fourth sentences.  Deny the fifth sentence.  In regard to the sixth sentence, admit that prior to her resignation from employment with the Secret Service plaintiff Tyler was assigned to the James J. Rowley Training Center, the defendant lacks sufficient information to confirm or deny that plaintiff Tyler is a resident of Maryland.  The defendant lacks sufficient information to either confirm or deny the seventh sentence.

41(f).   Deny the first sentence, aver that plaintiff Ivery retired from the Secret Service in January of 2004 as a GS-14 Supervisory Special Agent having been promoted to this position in October of 2002.  In regard to the second  sentence admit that plaintiff Ivery was first employed by the Secret Service in 1983, deny that he is a GS-13 special agent.  In regard to the third sentence the defendant lacks sufficient information to confirm or deny that plaintiff Ivery is a resident of Virginia, deny that plaintiff Ivery is currently assigned to the Dignitary Protection Division.

41(g)-(j).  These paragraphs concern plaintiffs whose complaints have been dismissed from this case by Order of this Court dated October 24, 2004. Therefore, no answer is required.

42.     Deny the two sentences of this paragraph, and aver that by Order of this Court dated October 24, 2004, Tom Ridge, Secretary of the Department of Homeland Security, has been substituted as the named defendant.

11

IV.   CLASS ACTION ALLEGATIONS

43-46.  These paragraphs concern plaintiffs' purported class claims which have been dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar as an answer is required, deny.

V.   CLAIMS

A.   Discriminatory Selection for Competitive Positions

47.   This paragraph appears to concern plaintiffs' purported class claim which was dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar as any portion of this paragraph may be deemed as concerning the five remaining individual complaints of non-selection for promotion from the GS-13 to the GS-14 level, the assertions in this paragraph are denied.

48.   Deny.

49.   Admit both sentences in this paragraph, aver, that in 1999, special agents were required to be in grade as a GS-13 for a period of three years prior to eligibility to compete for promotion to the GS-14 level. Further, aver that all named plaintiffs in this complaint have been competitively promoted to the GS-14 level, and in the case of plaintiff Reginald Moore to the GS-15 level.

Special Agent Reginald Moore

50.   Admit the first sentence.  Deny the second sentence. Deny the third sentence. Admit the fourth sentence. Deny the fifth sentence.  Deny the sixth sentence. Admit the seventh sentence.

51.    Deny the first sentence. Deny the second sentence, aver that plaintiff Reginald Moore has been promoted to the GS-14 level and to the GS-15 level.

Special Agent Turner

52.    Deny the first sentence and aver that plaintiff Turner was promoted to the GS-14 level in October 2000.  Admit the second sentence.  Deny the third sentence.  Admit the fourth sentence. Deny the fifth sentence. Admit the sixth sentence.  Deny the seventh sentence.

53.    Deny, and aver that plaintiff Turner was promoted to the GS-14 level effective October 2000.

Special Agent Summerour

54.    In regard to the first sentence admit that plaintiff Summerour applied for twelve positions during this period, aver that plaintiff Summerour did not make the best qualified list for several of the positions and therefore could not have been considered by the selecting officials. Deny the second sentence, and aver that plaintiff Summerour did not make the best qualified list for several of these positions and therefore could not have been considered by the selecting official.  Further, aver that some of the positions for which plaintiff Summerour applied were filled by lateral reassignment, therefore, no individual was promoted.  Admit the third sentence. In regard to the fourth sentence the defendant is unable to confirm or deny when plaintiff first became aware that she was not selected for the positions for which she had applied.  Deny the fifth sentence. Admit the sixth sentence.  In regard to the seventh sentence the defendant is unable to confirm or deny when plaintiff Summerour learned of her non-selection.  Deny the eighth sentence, and aver that plaintiff Summerour was promoted to a GS-14 Supervisory Special Agent position effective June 2001.

Special Agent Tyler

55.     Admit the first sentence. Deny the second sentence, and aver that during the first

three years of her career, 1984-1987, plaintiff Tyler was promoted on three occasions, once each

year.  Deny the third sentence, and aver that while plaintiff Tyler did bid for promotion to the

GS-14 level in 1998 and 1999 she was not among the best qualified candidates for any position

on which she had bid, and thus she could not have been considered for selection for promotion

by the selecting officials.  Deny the fourth sentence.  Admit the fifth sentence.

Special Agent Ivery

56.     Admit the first sentence.  Deny the second sentence, aver that plaintiff Ivery was

promoted to a GS-14 supervisory position effective October 2002.  Deny the third sentence.

Deny the fourth sentence, and aver that plaintiff Ivery was suspended from duty for one workday

on April 1, 1997, for failure to properly secure his Secret Service issued weapon and ammunition

resulting in their loss; that plaintiff Ivery was the subject of a special investigation in February of

1997 based on an allegation made by a female with whom he was having a personal relationship

that he had physically threatened her, this allegation was later withdrawn; that plaintiff Ivery was

arrested for domestic assault on his wife in July 1997, and was the subject of a special

investigation concerning that matter; that due to the ongoing criminal proceedings pending

against him plaintiff Ivery was on limited duty from July to November 1997 with his police

powers suspended and his federally issued firearm withdrawn.

Special Agent Robert Moore

57.  This paragraph concerns a plaintiff whose complaints have been dismissed from this

case by Order of this Court dated October 24, 2004.  Therefore, no answer is required.

Special Agent Donald Tucker

58. This paragraph concerns a plaintiff whose complaints have been dismissed from this case by Order of this Court dated October 24, 2004.  Therefore, no answer is required.

B.   Discriminatory Performance Evaluations

59-66.   These paragraphs concern the portions of plaintiffs' complaint that were dismissed by Order of this Court issued on October 24, 2004.  Therefore, no answer is required.

C.   Discrimination in Transfers, Assignments
     and Denial of Other Career-Enhancing Opportunities

67-84.   These paragraphs concern the portions of plaintiffs' complaint that were dismissed by Order of this Court issued on October 24, 2004.  Therefore, no answer is required.

D.   Discriminatory Assignments to Undercover Work

85-90.  These paragraphs concern the portions of plaintiffs' complaint that were dismissed by Order of this Court issued on October 24, 2004.  Therefore, no answer is required.

E.   Discriminatory Hiring Practices

91-97.  These paragraphs concern the portions of plaintiffs' complaint that were dismissed by Order of this Court issued on October 24, 2004.  Therefore, no answer is required.

F.   Discriminatory Testing

98-100.   These paragraphs concern the portions of plaintiffs' complaint that were dismissed by Order of this Court issued on October 24, 2004.  Therefore, no answer is required.

G.    Discriminatory Discipline

101-105.  These paragraphs concern the portions of plaintiffs' complaint that were dismissed by Order of this Court issued on October 24, 2004.  Therefore, no answer is required.

H.    Discrimination in Awards & Bonuses

106-108.   These paragraphs concern the portions of plaintiffs' complaint that were dismissed by Order of this Court issued on October 24, 2004.  Therefore, no answer is required.

I.    Racially Hostile Environment

109-118.   These paragraphs concern the portions of plaintiffs' complaint that were dismissed by Order of this Court issued on October 24, 2004.  Therefore, no answer is required.

J.    Retaliation for Reporting Discrimination

119-124.   These paragraphs concern the portions of plaintiffs' complaint that were dismissed by Order of this Court issued on October 24, 2004.  Therefore, no answer is required.

K.    Emotional Distress

125.    This paragraph appears to concern plaintiffs' purported class claim which was dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar at this paragraph concerns the individual non-selection for promotion claims remaining in this complaint, deny all three sentences.

126.    This paragraph appears to concern plaintiffs' purported class claim which was dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar at this paragraph concerns the individual non-selection for promotion claims remaining in this complaint, deny.

127.    This paragraph appears to concern plaintiffs' purported class claim which was dismissed from this complaint by Order of this Court dated October 24, 2004.  Therefore, no answer is required.  Insofar at this paragraph concerns the individual non-selection for promotion claims remaining in this complaint, deny.

PRAYER FOR RELIEF

128.    This section of plaintiffs' Complaint constitutes plaintiffs' prayer for relief and as

such requires no answer.  Further, many of the subparagraphs would also appear to concern

matters which were dismissed from this complaint by this Court by Order issued October 24,

2004; therefore, no answer is required.  To the extent an answer is deemed required, defendant

denies that plaintiffs are entitled to the relief requested or any relief whatsoever.  Defendant avers

that any award of compensatory damages under Title VII would be subject to and limited by 42

U.S.C. § 1981a(b)(3).

DEMAND FOR A JURY TRIAL

This section of plaintiffs' Complaint constitutes plaintiffs' demand for a jury trial and as

such requires no answer.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____/s/_____
BRIAN J. SONFIELD, D.C. Bar # 449098
Assistant United States Attorney
Judiciary Center Bldg., Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 514-7143

17

Of Counsel:
Donna Cahill, Esq.
U.S. Secret Service
Office of Chief Counsel
Suite 8300
950 H Street, N.W.
Washington, D.C. 20373-5802