**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ──────────────────────── ) | |
| **REGINALD G. MOORE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 00-0953 (RWR)** |
| ) | |
| **TOM RIDGE, Secretary,** ) | |
| **U.S. Department of** ) | |
| **Homeland Security** ) | |
| ) | |
| **Defendant.** ) | |
| ──────────────────────── ) | |

## SCHEDULING ORDER

Upon consideration of the representations made in court by the parties at the December 3, 2004 initial scheduling conference, it is hereby

ORDERED that:

1.   This case shall proceed with the following deadlines:

| | |
|---|---|
| Initial disclosures | February 1, 2005 |
| Plaintiff's expert witness designations | June 1, 2005 |
| Defendant's expert witness designations | July 1, 2005 |
| <u>All</u> discovery closed | August 1, 2005 |
| Dispositive motions | September 30, 2005 |

2.   Each side is limited to a maximum of 20 depositions and each side is limited to a maximum of 50 interrogatories.

3.   The post-discovery status conference is scheduled for August 31, 2005 at 9:30 a.m.  Parties must bring full settlement authority to this conference.  If settlement is not reached, a pretrial conference and trial date will be selected.  Parties must be prepared at the status conference to advise the Court of the expected length of trial and of the number of fact and expert witnesses that each party will present.  Trial counsel themselves

must appear at all hearings, unless excused by the Court in advance of the hearing date.

4.   **Court dates and the deadline for the close of discovery may be continued only by leave of the undersigned.**  A motion for a continuance of a court date must include alternative dates that have been agreed to by all parties.  Failure to provide such information may result in denial of the motion.

5.   **Deadlines (other than the deadline for the close of discovery) and discovery limits may be altered, when all parties consent, by the filing of a Consent Notice specifying the altered deadlines or limits and stating all parties' consent.  The altered deadlines or limits shall be effective upon the filing of the Consent Notice; no court Order shall be required.**

6.   Any motion that does not comply with Local Civil Rule 7(c) or 7(m) may be, *sua sponte*, denied.  Every motion for summary judgment and opposition to such a motion must comply with Local Civil Rule 56.1.  If an opposition fails to include either a separate concise statement of genuine disputed issues, or specific references to the parts of the record relied upon to support the statement, or both, the court may treat as conceded any facts asserted in the movant's statement of genuine issues.

7.   The parties and their counsel are expected to evaluate their respective cases for settlement purposes.  Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available upon request to the Court at any time, as is a settlement conference before a magistrate judge.  If the case settles in whole or in part, plaintiff shall advise the Court by promptly filing a stipulation.

8.   All discovery disputes shall be referred to a Magistrate Judge.  Before bringing a discovery dispute to the Magistrate Judge, the parties shall confer in good faith in an effort to resolve the discovery dispute, and parties are warned

-3-

that failure to do so will result in sanctions.  Moreover, if any
judicial officer is called upon to resolve a discovery-related
**motion**, the losing party's **attorney** (or the losing party if *pro
se*) shall be sanctioned pursuant to Federal Rule of Civil
Procedure 37(a)(4).

    9.   There shall be a Pretrial Conference set at the post-
discovery status conference.  **Three weeks** in advance of the
Pretrial Conference, parties are required to meet and prepare a
Joint Pretrial Statement that must be submitted not less than
**eleven days** prior to the Pretrial Conference in accordance with
Local Civil Rule 16.5(d)(5) and 16.5(a)(2).  At the meeting,
parties must discuss and attempt to resolve all objections to
exhibits (including as to authenticity) and all motions in
limine.  The form for the Joint Pretrial Statement is attached to
this Order as Appendix A.  Separate Pretrial Statements may be
struck, *sua sponte*.

    10. Parties' written communication with the Court is to be
by motion, opposition, and reply, rather than by letter.  Oral
inquiries concerning the status or scheduling of any pending
matter shall be directed to the Courtroom Deputy Clerk, Ms. Linda
Romero, (202) 354-3166, rather than to chambers.  If Ms. Romero
is unavailable, such inquiries shall be directed to the staff
person in the Clerk's Office designated as her substitute.  In an
emergency, however, chambers can be reached at (202) 354-3400.

    SIGNED this 6th day of December, 2004.


                                    _____
                                    RICHARD W. ROBERTS
                                    United States District Judge

-4-

**APPENDIX A**

[*Form of Joint Pretrial Statement to be Filed **Eleven Days before Pretrial Conference***]

[**CASE CAPTION**]

<u>JOINT PRETRIAL STATEMENT</u>

1.  **<u>Parties and Counsel:</u>**  List names, addresses, and telephone numbers of all parties and counsel on whose behalf this Statement is filed.

2.  **<u>Nature of the Case:</u>**  Give a brief statement describing the nature of the case, the identities of the parties, and the basis of the Court's jurisdiction.  The statement of the case should be sufficiently brief, clear, and non-argumentative to be suitable for reading to the jury.

3.  **<u>Claims and/or Defenses:</u>**  Give a statement of claims setting forth, concisely, each party's claims against any other party (*including counter-, cross-, and third-party claims*) and the party or parties against whom the claim is made.  The statement of defenses shall set forth each defense a party interposes to a claim asserted against it by any other party, including defenses raised by way of general denial, without regard to which party has the burden of persuasion.

4.  **<u>Undisputed Issues/Stipulations:</u>**  List all issues not in dispute or facts to which the parties have stipulated.

5.  **<u>Witness Schedule:</u>**  List the name, address, and telephone number of each witness scheduled to be called by a party, including rebuttal witnesses.  The schedule shall also set forth a brief description of the testimony to be given by the witness, and an estimate of the time necessary for direct examination.  Opinion witnesses shall be designated by an asterisk.  Witnesses called for impeachment purposes only need not be listed.  However, no party may call at trial any witness not listed (*except for impeachment purposes*) on their Pretrial Statement.

6.  **<u>Exhibit List:</u>**  Describe each exhibit to be offered in evidence, including (*if possible*) rebuttal exhibits, with each exhibit identified by number, title, and date (*if applicable*).  No exhibit will be admitted at trial unless it is listed on the Pretrial Statement.  Each exhibit listed will be deemed authentic

and admitted at trial unless an objection is made in the Joint Pretrial Statement and its basis is articulated. **If there are objections to an exhibit in the Joint Pretrial Statement, the exhibit should be produced at the Pretrial Conference for the Court's review.**

7.   **Deposition Testimony:**   Identify each deposition or portion thereof (*by page and line numbers*) the party intends to offer in evidence.  Any cross-designation sought by any other party must be made at or before the final Pretrial Conference.

8.   **Relief Sought:**   Set forth separately each element of damages and the monetary amount claimed, including prejudgment interest, punitive damages, and attorneys' fees.  Do not include amounts claimed for intangible damages.  Set forth all other types of relief sought against any party.

9.   **Pending Motions:**   List all pending motions showing title and filing date.  List any motions to be decided at commencement of trial.

10.   **Trial Brief:**   A trial brief addressing any unusual issues of fact or evidence not already submitted to the Court shall be filed with the pretrial statement.

11.   **Motions in Limine:**   Motions in limine shall be filed with the Court and served on opposing counsel no later than twenty calendar days before the date of the pretrial conference; oppositions shall be due not later than fifteen calendar days before the pretrial conference.  Counsel are to provide the Court with hand-delivered courtesy copies of these submissions.  All evidence that a party offers at trial under Federal Rule of Evidence 404(b) must be disclosed to all other parties no later than 30 days prior to the deadline for filing motions in limine.

12.   **Demonstrative Evidence:**   Describe all such items to be used at trial.  Any objections must be made in the Joint Pretrial Statement.

13.   **Jury Cases:**   Submit list of requested voir dire questions, showing those agreed upon and not agreed upon; submit list of standard instructions showing those agreed upon and not agreed upon; submit complete text of non-standard instructions with authorities relied upon showing those agreed upon and not agreed upon; submit text of verdict form, including any special interrogatories.  **Submit a 3½ inch 1.44 MB high density computer diskette compatible with Word Perfect Version 9.0 bearing all of the items identified in this paragraph.**

-6-

**14.** **<u>Non-Jury Cases:</u>** Submit detailed proposed findings of fact and conclusions of law with supporting authorities. **Submit a 3½ inch 1.44 MB high density computer diskette compatible with Word Perfect Version 9.0 bearing all of these proposed findings and conclusions.**

**15.** **<u>Estimated Length of Trial:</u>** List number of days, and any scheduling problems with witnesses.

**16.** **<u>Miscellaneous Matters:</u>**

The following text and signature line shall be included after the signatures of counsel:

The foregoing Joint Pretrial Statement, as revised at the Pretrial Conference in the presence of counsel, shall stand as the Pretrial Order in this case.

_____        _____
DATE                           RICHARD W. ROBERTS
                               United States District Judge