IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINALD G. MOORE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 00-953 (RWR/DAR) |
| ) | |
| MICHAEL CHERTOFF ) | |
| SECRETARY, U.S. DEPARTMENT OF ) | |
| HOMELAND SECURITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' NOTICE TO THE COURT REGARDING THE POST-DISCOVERY STATUS CONFERENCE SCHEDULED FOR FEBRUARY 22, 2006 AND REQUEST FOR A MOTIONS HEARING AND STATUS CONFERENCE**

This action is scheduled for a post-discovery status conference on February 22, 2006. Because there are motions pending before the Court that must be resolved before discovery concludes, Plaintiffs request that, instead of holding a post-discovery status conference, the Court hold a hearing on critical pending motions and a discovery status conference on February 22, 2006. Plaintiffs believe that such a hearing will provide guidance to the parties on how to bring discovery to a close in an effective manner and will make a the post-discovery status conference, when it is held, more efficient. 1/

**Pending Discovery Motions**

Since the last status hearing before this Court on October 12, 2005, the parties have been actively engaged in litigating this action—both in briefing and arguing discovery disputes in front of Magistrate Judge Robinson and in engaging in fact and

---

1/   Defendant agrees that the case is not ripe for a post-discovery status hearing and does not oppose plaintiffs' request to convert the post-discovery status hearing set for February 22, 2006, into a motions hearing for argument on any fully briefed motion that the Court would like to have addressed at that hearing. Defendant does, however, oppose argument at the February 22d hearing on any motion which has not yet been fully briefed.

expert discovery. Discovery has not concluded, however, because the Magistrate Judge ruled that Defendants improperly withheld significant amounts of responsive information during the discovery period. Specifically, on December 12, 2005, Magistrate Judge Robinson heard oral argument on five motions to compel filed by the Plaintiffs, resulting in orders that Plaintiffs were due substantially all of the information that they requested.2/ The Defendants have filed motions to reconsider several of the Magistrate Judge's Orders and the Plaintiffs have filed a motion to reconsider a portion of one of the Magistrate Judge's Orders. The Plaintiffs request that the Court hear oral argument on these motions on February 22, 2006:

> **Docket No. 267** (Defendants' Motion to Reconsider relating to Defendants' request for access to Plaintiffs' medical records);
>
> **Docket No. 269** (Defendants' Motion to Reconsider relating to deposition testimony regarding the Good Ol' Boys Roundup policy review);
>
> **Docket No. 289** (Defendants' Motion to Reconsider relating to Order compelling production of information relating to MPP scores);
>
> **Docket No. 270** (Plaintiffs' Motion to Reconsider relating to reasons for Plaintiffs' non-selection for promotion).

In addition, on February 14, 2006, Plaintiffs moved for additional time for follow-up discovery because Defendants withheld discoverable information during the discovery period that they have begun now to produce in response to the unappealed Orders compelling production issued by Magistrate Judge Robinson. **Docket No. 291.** Plaintiffs request that, if the Court is inclined to grant the Plaintiffs' motion, the Court and the parties discuss the process and timing of follow-up discovery at the February 22 hearing.

---

2/      Magistrate Judge Robinson also heard argument on Defendant's Motion to Compel Complete Responses to Defendant's Discovery (Docket No. 197) and denied the same and subsequently denied U.S. Department of Treasury's and U.S. Department of Homeland Security's Motion for Reconsideration and Motion in Limine (Docket No. 192) and Defendant's Motion for Reconsideration of Order on Motion for Leave to File Corrected Copy of Docket No. 192 (Docket No. 234).

### Other Pending Motions Affecting Discovery and Scheduling

In addition, there are two other motions pending that have a substantial impact on when this case will be ready for a post-discovery status conference.

**Motion to Amend.** On May 31, 2005, the Plaintiffs moved to supplement and amend the complaint to renew their class allegations. **Docket No. 155**. That motion is fully briefed and ripe for decision and the Plaintiffs previously filed an unopposed motion for oral argument on that motion, Docket No. 257, urging that a decision on the motion to amend is critical for the Court and the parties to have a handle on the scope of the case when the Court is setting briefing deadlines and a trial date. This is especially true because, assuming that the motion to amend is granted—and under the clear law of *Martini v. Federal Nat'l Mortgage Association*, 178 F.3d 1336 (D.C. Cir. 1999), it should be—the parties will seek limited, additional discovery related to the newly added Plaintiffs as well as the class action allegations. 3/

The need for clarity on the scope and schedule of this case is essential to getting this case ready for summary judgment briefing and trial in a reasonably expeditious and efficient manner. Without such clarity, the parties will proceed towards the conclusion of discovery, summary judgment briefing, and trial on the claims of five Plaintiffs when the motion to amend should and likely will be granted and the Court and the parties will have to engage in the inefficient process of a second round of discovery and dispositive motion briefing at a later date (as well as suffer the inevitable delay in the ultimate trial date as this second round of discovery and briefing is completed).

---

3/     See *Hisler v. Gallaudet University*, 206 F.R.D. 11, 14 (D.D.C. 2002) (after permitting plaintiffs to amend their complaint court re-opened discovery for the limited purpose of exploring the additional allegations proposed by the plaintiffs).

**Motion for Clarification.** Plaintiffs have moved for clarification of the Court's October 24, 2004 Order on Defendants' Motion to Dismiss. **Docket No. 288**. That motion will be ripe for decision at the February 22 hearing. The issue, in short, is that the Court held that Plaintiff Reginald Moore had administratively exhausted the non-promotion claims he raised in this case and had also vicariously exhausted the non-promotion claims of four other Plaintiffs. Order at pp. 2, 25-26. Despite the Court's holding, Defendants continue to assert only a fraction of the Secret Service's discriminatory refusals to promote these five Plaintiffs are at issue in this litigation. Defendants' improperly narrow reading of the Court's Order has frustrated Plaintiffs' ability to obtain discovery on the vast majority of the promotions they are properly pursuing in this case. As a result, absent Court confirmation that every GS-14 promotion for which Plaintiffs applied is at issue in this litigation, Plaintiffs will not be able to discover the information to which they are entitled, and the parties will remain mired in dispute over this issue with little hope for the orderly resolution of discovery. In order to resolve this issue, Plaintiffs request oral argument on this motion at the February 22 hearing.

Respectfully submitted,

_/s/_____
John P. Relman (D.C. Bar #405500)
Reed N. Colfax (D.C. Bar #471430)
Jennifer I. Klar (D.C. Bar #479629)
Relman & Associates PLLC
1225 Nineteenth Street, N.W., Suite 600
Washington, D.C. 20036
(202) 728-1888

|  |  |
|---|---|
|  | /s/ |
|  | E. Desmond Hogan (D.C. Bar #458044) |
|  | Deborah L. Boardman (D.C. Bar # 476869) |
|  | Sarah Berger (D.C. Bar # 489359) |
|  | Hogan & Hartson LLP |
|  | 555 Thirteenth Street, N.W. |
|  | Washington, D.C. 20004 |
| Dated: February 17, 2006 | Attorneys for Plaintiffs |

5