UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
REGINALD MOORE *et al.*,    )
                             )
        Plaintiffs,          )
                             )
        v.                   ) Civil Action No. 00-953 (RWR)(DAR)
                             )
MICHAEL CHERTOFF,            )
                             )
        Defendant.           )
_____ )

## MEMORANDUM OPINION AND ORDER

Plaintiffs sued the United States Secret Service in part for emotional distress allegedly caused by racial discrimination in employment.  The magistrate judge denied the defendant's motion to compel production of plaintiffs' medical records, finding no basis to compel since plaintiffs do not intend to offer at trial testimony of any health care providers to prove the distress. The defendant has moved for reconsideration of the magistrate judge's ruling.  Because the magistrate judge's ruling was contrary to the weight of authority, defendant's motion for reconsideration will be granted.

### BACKGROUND

Plaintiffs are current and former special agents of the United States Secret Service who filed this employment discrimination action alleging that the Secret Service has engaged in a pattern and practice of racial discrimination

- 2 -

against black agents.  Plaintiffs seek to recover damages based

on "emotional distress [which] has been manifested in a variety

of ways including, but not limited to, psychological trauma and

physical symptoms to be proven at trial."  (Am. Compl. ¶ 17; <u>see</u>

<u>also</u> Compl. ¶ 42; Proposed Am. Compl. ¶ 205 March 31, 2005.)

Defendant propounded interrogatories requesting that plaintiffs

turn over certain medical records.

> 13.  For each plaintiff, identify each doctor and other
> health care provider, including without limitation any
> psychiatrists, psychologists, physicians, nurses,
> therapists, counselors, hospitals, and other health
> care facilities, who have provided the plaintiff with
> physical or mental care, treatment, counseling, or
> consultation during the past ten years.

(Def.'s Mot. to Compel Complete Resps. to Discovery Requests,

Ex. 1, Def.'s Second Set of Discovery Requests at 8.)  Defendant

also requested that plaintiffs "[s]ign and provide fully executed

release and consent forms for each and every health care provider

plaintiffs identified in the answers to interrogatories."  (<u>Id.</u>,

Ex. 1, Def.'s Second Set of Discovery Requests at 10.)

Plaintiffs objected to this discovery request and refused to

provide the requested information.  (<u>Id.</u>, Ex. 3, Plaintiffs'

Resps. to Def.'s Interrogatories at 45-46.)

    Defendant filed a motion to compel plaintiffs to provide the

requested medical records, arguing the records were "plainly

relevant" and that defendant was entitled to explore "whether

there were any pre-existing conditions, whether there have been

- 3 -

other stress factors in their lives, and whether the evidence
otherwise supports or contradicts Plaintiffs' damage
allegations." (Id. at 4-5.)  Plaintiffs opposed the motion,
arguing that in circumstances where plaintiffs will not offer
expert testimony to prove up their claims of emotional distress,
a defendant is not entitled to plaintiffs' medical records. (See
Pls.' Opp'n to Def.'s Mot. to Compel at 5-6.)  The magistrate
judge, relying on Sanders v. District of Columbia, Civil Action
No. 97-2938 (PLF), 2002 WL 648965 (D.D.C. Apr. 15, 2002), ruled
that because "plaintiffs do not intend to offer the testimony of
any health care provider at trial[,]" defendant has "no basis
upon which to seek discovery of the plaintiffs' medical records."
(Pls.' Opp'n to Def.'s Mot. to Compel, Ex. A, Mot. Hr'g Tr.
at 53, Dec. 12, 2005.)

Defendant seeks reconsideration of the magistrate judge's
ruling pursuant to Local Civil Rule 72.2(b), and plaintiffs
oppose the motion, adding as an additional justification for
refusing to turn over the medical records that no plaintiffs
sought any medical treatment for their alleged injuries.[1]

---

[1] Plaintiffs requested leave from the magistrate judge to
file a motion advancing this argument.  It is unclear from the
parties' submissions whether the magistrate judge granted
plaintiffs leave to file the motion or considered this argument.

- 4 -

DISCUSSION

"A party may invoke Federal Rule 72(a) and Local Rule 72.2 to seek reconsideration of a magistrate judge's determination in a discovery dispute" in the district court. Neuder v. Battelle Pac. Nw. Nat'l Lab., 194 F.R.D. 289, 292 (D.D.C. 2000). The district court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also LCvR 72.2(c) ("[A] judge may modify or set aside any portion of a magistrate judge's order under this rule found to be clearly erroneous or contrary to law.").

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Discovery rules "are to be accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507 (1947). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470-71 (N.D. Tex.

2005) (quoting Scott v. Leavenworth Unified School Dist. No. 453,
190 F.R.D. 583, 585 (D. Kan. 1999)).

Where a plaintiff alleges emotional distress, a defendant is
entitled to explore whether causes unrelated to the alleged wrong
contributed to plaintiff's claimed emotional distress, and a
defendant may propound discovery of any relevant medical records
of plaintiff in an effort to do so.  See, e.g., Schoffstall v.
Henderson, 223 F.3d 818, 823 (8th Cir. 2000) ("[H]er claims [of
extreme emotional distress] against [defendant] placed her
medical condition at issue, making the [medical records] sought
by [defendant] relevant, and absent a showing of bad faith,
discoverable.");  Merrill, 227 F.R.D. at 473 ("[S]everal courts
have found that medical records are relevant to claims of mental
anguish in discrimination cases.");  Owens v. Sprint/United Mgmt.
Co., 221 F.R.D. 657, 659 (D. Kan. 2004) ("Generally, discovery
requests seeking an employment discrimination plaintiff's medical
and psychological records are held to be relevant as to both
causation and the extent of plaintiff's alleged injuries and
damages if plaintiff claims damages for emotional pain,
suffering, and mental anguish.");  Jensen v. Astrazeneca LP, No.
Civ. 02-4844, 2004 WL 2066837, at *4 (D. Minn. Aug. 30, 2004)
("[S]ome of plaintiff's medical records may be relevant and
discoverable to the extent that they may shed light on other
contributing causes of plaintiff's claims of emotional

distress."); Walker v. Northwest Airlines Corp., No. Civ. 00-
2604, 2002 WL 32539635, at *3 (D. Minn. Oct. 28, 2002)
("[Plaintiff's] medical records may be . . . relevant if they
shed light on other contributing causes of Plaintiff's emotional
distress claims."); Fox v. Gates Corp., 179 F.R.D. 303, 306-07
(D. Colo. 1998) (holding that the defendant was entitled to
discovery of any medical and psychotherapy records during the
time of plaintiff's claimed emotional distress); Sidor v. Reno,
No. 95 Civ. 9588, 1998 WL 164823, at *2 (S.D.N.Y. Apr. 7, 1998)
("Defense counsel has a right to inquire into plaintiffs' pasts
for the purpose of showing that their emotional distress was
caused at least in part by events and circumstances that were not
job related."); EEOC v. Danka Indus., Inc., 990 F. Supp. 1138,
1141-42 (E.D. Mo. 1997) ("[T]he Court finds that the medical
records are discoverable to determine whether the
plaintiff-intervenors' past medical history contributed to their
claimed emotional distress.").  This is so, notwithstanding the
fact that a plaintiff might not offer any expert testimony in
order to prove up claims of emotional distress.  See Garrett v.
Sprint PCS, No. 00-2583-KHV, 2002 WL 181364, at *2 (D. Kan.
Jan. 31, 2002) ("The fact that Plaintiff is not planning to
present any expert testimony in support of her emotional distress
claim does not make this information any less relevant."); 
Walker, 2002 WL 32539635, at *3 ("[R]egardless of whether

- 7 -

Plaintiff intends to introduce his medical records or offer
medical testimony to prove his alleged emotional distress,
[Defendant] is entitled to determine whether Plaintiff's relevant
medical history indicates that his alleged emotional distress was
caused in part by events and circumstances independent of
[Defendant's] allegedly adverse employment action."); Sidor, 1998
WL 164823, at *2.

Here, plaintiffs allege emotional distress manifested in
psychological trauma and physical symptoms.  The defendant, then,
may properly seek discovery of plaintiffs' relevant medical
records.  Relying on Sanders, plaintiffs argue that because they
will not offer expert testimony at trial, their medical records
are irrelevant.  That assertion is a non sequitur.  In Sanders,
plaintiffs alleged emotional distress, and defendants sought
discovery of plaintiffs' medical records "relating to 'past or
present physical condition and treatment.'"  Sanders, 2002 WL
648965, at *5.  The magistrate judge in Sanders held, and the
district court agreed, that medical records requested by the
defendant were not discoverable "given counsel's statement that
plaintiffs 'will not offer the testimony of any health care
professional and will not offer any expert testimony on their
mental, emotional or physical condition."  Id.  However, Sanders
contains no discussion of the defendant seeking, as the defendant
does here, the medical records to explore whether factors other

than the alleged employment discrimination caused plaintiff's
alleged injuries.  It is not clear, then, that Sanders stands for
the proposition that a defendant may not obtain through discovery
a plaintiff's medical records for the purpose of identifying
potential alternative causes of claimed emotional distress solely
because plaintiff will not offer expert testimony.[2]  Review of
plaintiffs' medical records could lead to the discovery of facts
not related to employment discrimination that contributed to
plaintiffs' alleged injuries.  Whether plaintiffs intend to prove
their damages claims with expert testimony has no bearing on the
relevance of plaintiffs' medical records, or their ability to
establish potential alternative causes for plaintiffs' symptoms.[3]
Plaintiffs may not withhold from the defendant as irrelevant
medical records that could be probative of potential causes
contributing to plaintiffs' alleged injuries.  Because the
magistrate judge's ruling was contrary to the weight of

---

[2] To the extent that Sanders does stand for that
proposition, I part company with its holding.

[3] Plaintiffs also cite Burrell v. Crown Cent. Petroleum, 177
F.R.D. 376, 384 (E.D. Tex. 1997).  However, that case dealt with
mandatory disclosures under Rule 26(a)(1)(B), not "discovery
regarding any matter, not privileged, that is relevant" under
Rule 26(b)(1).  See Merrill, 227 F.R.D. at 473 (holding Burrell
inapplicable to a discovery request for medical records under
Rule 26(b)(1)).

- 9 -

authority, defendant's motion for reconsideration will be granted.[4]

CONCLUSION AND ORDER

Having claimed emotional distress, plaintiffs may not shield discovery of their medical records by vowing to forego at trial testimony of medical providers or experts.  Accordingly, it is hereby

ORDERED that defendant's motion [267] for reconsideration be, and hereby is, GRANTED.  The magistrate judge's Order of December 12, 2005 denying defendant's motion [197] to compel is set aside, and defendant's motion to compel is remanded for further proceedings consistent with this Memorandum Opinion.

SIGNED this 22nd day of May, 2006.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

[4] Plaintiffs, citing Broderick v. Shad, 117 F.R.D. 306, 309 (D.D.C. 1987), argue in a footnote that an additional reason they should not have to turn over their medical records is that no plaintiffs sought any medical treatment for their alleged injuries.  (Pls.' Opp'n to Def.'s Mot. for Reconsideration at 6 n.6.)  Broderick held that a plaintiff's medical records were irrelevant where the plaintiff offered a sworn statement that she had not sought or received medical treatment for the injuries alleged and that no relevant medical records existed.  117 F.R.D. at 309.  However, that case has no force here since plaintiffs have not asserted that no medical records relevant to potential alternative causes exist.