UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
REGINALD MOORE *et al.*,          )
                                  )
        Plaintiffs,               )
                                  )
        v.                        )   Civil Action No. 00-953 (RWR)(DAR)
                                  )
MICHAEL CHERTOFF,                 )
                                  )
        Defendant.                )
_____ )

MEMORANDUM ORDER

Plaintiffs sued the United States Secret Service alleging a
pattern and practice of racial discrimination in employment.
They sought to depose Sheryl Michaelson, an attorney with a law
firm that the Treasury Department had previously retained to
conduct an independent review of its hiring, training, diversity
and other areas in the aftermath of an event sponsored by
Treasury agents called the "Good Ol' Boys Round-up."  Michaelson
directed the review.  The Department of the Treasury moved to
quash the subpoena, arguing that Michaelson's deposition could be
sought pursuant to only 31 C.F.R. § 1.11 ("Touhy regulations"),
which requires that certain procedures, including seeking
permission from agency counsel, be followed in order to obtain
testimony of an employee or contractor of the Department of the
Treasury.  The magistrate judge denied the motion to quash
finding that it had not been shown that the Touhy regulations

- 2 -

applied to Michaelson.  Plaintiffs subsequently took Michaelson's
deposition, during which the defendant inquired into Michaelson's
employment status with the Department of the Treasury during her
time as director of the policy review.  Based on Michaelson's
deposition testimony, the defendant moved for the magistrate
judge to reconsider her finding that the Touhy regulations did
not apply to Michaelson, and filed a motion in limine to prevent
plaintiffs from using Michaelson's testimony for any purpose.
(See Def.'s Mot. [192] for Reconsideration and Mot. [194] in
Limine.)  The magistrate judge denied the motion to reconsider as
moot and denied the motion in limine because the defendant
provided no authority for precluding use of Michaelson's
testimony even if the Touhy regulations should have been, but
were not, complied with.  (See Magistrate Judge Order [264] of
Dec. 12, 2004.)  The defendant now seeks reconsideration of the
magistrate judge's order denying his motion for reconsideration
and motion in limine.

     Defendant's motion will be denied.  The magistrate judge's
decision to deny as moot defendant's motion for reconsideration
of the ruling finding that the Touhy regulations did not apply to
Michaelson was not clearly erroneous.  See LCvR 72.2(c).  Any
determination of whether the Touhy regulations applied to
Michaelson for the purpose of determining the proper procedures
to follow for taking her deposition became moot when plaintiffs

- 3 -

took Michaelson's deposition.  In addition, the magistrate

judge's denial of defendant's motion in limine was not contrary

to law.  See id.  The defendant provided to the magistrate judge,

and provides now, no authority to support excluding use of an

agency employee's testimony taken in violation of an agency's

Touhy regulations.[1]  Moreover, the defendant does not assert that

any testimony given by Michaelson was irrelevant to this case or

unfairly prejudicial to the defendant.  Cf. Fed. R. Evid. 402 &

403.  Accordingly, it is hereby

ORDERED that defendant's motion [269] for reconsideration

be, and hereby is, DENIED.

SIGNED this 10th day of August, 2006.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

[1] Nor does the defendant argue or demonstrate that agency
counsel would have prevented Michaelson from testifying or in any
way limited her deposition testimony.