IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| REGINALD G. MOORE, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 00-953 (RWR/DAR) |
| ) | |
| MICHAEL CHERTOFF ) | |
| SECRETARY, U.S. ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY. ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION FOR AN EXTENSION OF THE DISCOVERY PERIOD**

The parties hereby request an extension of the discovery period in this case currently due to end on October 2, 2006, for the following reasons.

The parties have been working cooperatively with respect to electronic and paper discovery requests, and have managed to resolve discovery disputes without Court intervention in order to keep the process moving more quickly along. Discovery on the First Amended and Supplemental Class Complaint opened in May, 2006. Plaintiffs served two sets of document requests in May and June, 2006. In response, the Secret Service produced to plaintiffs, or made available for inspection and copying, electronic data and approximately one-hundred boxes of documents requested by plaintiffs covering a broad range of subjects for over a decade's worth of records.

Prior to the Court's July 7, 2006 Order, resolving the dispute between the parties as to whether the building blocks for promotion were properly a part of this case and thus subject to discovery, the Secret Service had not collected and produced discovery in these areas given its

pending motion for a protective order. [Docket No. 348].  After the Court's July 7th ruling, clarifying that non-promotion claims could be pled back to 1993, and that claims concerning discipline, awards and assignments, the TEA and grade-at-hire could be pled back to 1999, the Secret Service withdrew its request for a protective order in these areas and began to collect the information sought by plaintiffs in these areas.  Defendant believes that this is an enormous undertaking requiring the collection of information back to 1997 for certain types of claims and involving a substantial amount of information, that will require until the end of October, 2006 to complete.

In light of the broad scope of discovery, the time required to complete such discovery, and the effort taken to resolve discovery disputes rather than litigate them, the parties have yet to embark on deposition discovery or produce supplemental expert reports and depose the experts concerning those reports.  Additionally, since the Court issued its order requiring discovery to end on October 2, 2006, plaintiffs were ordered to file another amended complaint, which they did on August 7, 2006.  The Secret Service is currently working on a response to that amended complaint, which will include another partial dispositive motion.  Those filings are due September 18, 2006.  Although the Secret Service agreed to continue with discovery productions while working on these responses, Defendant notes that this has had an effect on the speed with which the Secret Service has been able to continue to produce the discovery requested by plaintiffs.

The parties anticipate that there will be numerous depositions to be taken in this case.  The Court's order dated May 8, 2006, allows for each side to take 35 depositions.  This will also require time to be spent preparing witnesses for these depositions, some of whom do not live in the area.  One of defendant's lead counsel will be unable to work on this case for approximately

three weeks at the end of November and beginning of December, due to a two-week trial she has beginning in December, involving over fifteen witnesses.

Plaintiffs seek to certify a class in this case and need extensive discovery prior to filing their motion to certify the class. While both sides are moving continually forward in a cooperative manner, they need a substantial amount of additional time to complete this pre-certification discovery phase in a thorough manner. Accordingly, for the foregoing reasons, the parties jointly request that the following discovery schedule be implemented in this case:

(1) Non-expert discovery will close February 2, 2007;

(2) Plaintiffs' expert report is due on or before February 2, 2007;

(3) Defendant's expert report is due within 45 days thereafter;

(4) Expert witness discovery will close April 30, 2007.

With respect to plaintiffs' motion to certify the class, the parties request that the following schedule be implemented:

(1) Plaintiffs' motion to certify the class is due on or before February 23, 2007;

(2) Defendant's opposition is due within 30 days thereafter; and

(3) Plaintiffs' reply is due within 14 days after Defendant's opposition.

The parties believe that the foregoing schedule will allow the case to continue to proceed in a manner that allows them to cooperate with each other on scheduling matters and attempt to resolve any discovery disputes without the need for Court intervention, thereby conserving

judicial resources.

Respectfully submitted,

| | |
|---|---|
| _____ | _____ |
| John P. Relman (D.C. Bar #405500) | Kenneth L. Wainstein (D.C. Bar # 451058) Reed N. |
| Colfax (D.C. Bar #471430) | United States Attorney |
| Jennifer I. Klar (D.C. Bar #479629) | |
| Relman & Associates PLLC | _____ |
| 1225 Nineteenth Street, N.W., Suite 600 | Rudolph Contreras (D.C. Bar #434122) |
| Washington, D.C. 20036 | Assistant United States Attorney |
| (202) 728-1888 | |
| | _____ |
| | Benton G. Peterson (WI Bar #1029849) |
| _____ | |
| E. Desmond Hogan (D.C. Bar #458044) | Marina Utgoff Braswell (D.C. Bar #416587) |
| Deborah L. Boardman (D.C. Bar # 476869) | Assistant United States Attorneys |
| Sarah Berger (D.C. Bar # 489359) | Judiciary Center Building |
| Hogan & Hartson LLP | 555 4th Street, N.W. – Civil Division |
| 555 Thirteenth Street, N.W. | Washington, D.C. 20530 |
| Washington, D.C. 20004 | (202) 514-7238 |
| (202) 637-5600 | |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

Dated: September 14, 2006

SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____