UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
                                  )
**REGINALD MOORE** *et al.*,          )
                                  )
    **Plaintiffs,**              )
                                  )
    **v.**                        )  **Civil Action No. 00-953 (RWR)(DAR)**
                                  )
**MICHAEL CHERTOFF,**                 )
                                  )
    **Defendant.**               )
_____ )

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiffs, ten African-American current and former special agents of the United States Secret Service, brought this employment discrimination action individually and on behalf of a putative class of African-American special agents.  The defendant has moved for reconsideration of a magistrate judge's order directing the defendant to pay plaintiffs' fees and costs arising from plaintiffs' filing of a consent motion for an extension of time to complete follow-up depositions.  Because the record does not disclose misconduct by the defendant that triggered the need for that extension or that led to plaintiffs being the movants, the defendant's motion for reconsideration of the magistrate judge's ruling will be granted.

<u>BACKGROUND</u>

Discovery in this case initially closed on August 1, 2005. Before discovery closed, the plaintiffs successfully moved to compel the defendant to produce the personnel files of employees

- 2 -

who were selected for positions for which plaintiffs
unsuccessfully applied, and for information concerning a
gathering of agents involving activities widely viewed as
bigoted.  Shortly after production of that information began,
plaintiffs moved for additional time to complete follow-up
discovery, including deposing five selectees chosen over the
plaintiffs.  They also sought to take a Federal Rule of Civil
Procedure 30(b)(6) deposition.[1]  On April 12, 2006, the
magistrate judge orally "grant[ed] the Plaintiff[s'] motion for
time to complete follow-up discovery, and . . . allow[ed] a
period of sixty days [until June 12, 2006] for the follow-up
discovery to be completed."  (See Mem. in Supp. of Def.'s Mot.
Recons. of Mag. J. Award of Fees & Costs to Pls. ("Def.'s Mot.
Recons.") at 1 and Ex. 1 at 60; Minute Order entered April 13,
2006.)

On May 25, 2006, two and one-half weeks before discovery was
set to close, plaintiffs for the first time gave the defendant a
list of five deponents and a Rule 30(b)(6) notice of deposition
containing seven paragraphs stretching over two pages describing

---

[1]   They expected "to ask follow-up questions on the
individuals who were promoted after attending a known racist
event[,] . . . on the utilization of this information in
promotion decisions" and on "the reasons certain selectees were
promoted over Plaintiffs despite negative information found in
their newly produced personnel files[.]"  (See Pls. Mot. for Time
to Complete Follow-Up Disc. on Docs. Ordered Produced in Response
to Pls. Mot. to Compel, February 17, 2006 at 6, 7.)

- 3 -

in detail the matters about which they sought to examine the

designee.[2]  Plaintiffs asked the defendant to respond with

---

[2]  Those paragraphs read as follows:

1.   Any and all attempts at any time by the Secret Service
     to determine which Secret Service employees attended
     the Good Ol' Boys Roundup and whether those employees,
     including employees no longer employed by the Secret
     Service at the time of investigation, engaged in or
     observed any racist activity or other misconduct.

2.   Any and all oral or written communications regarding
     the imposition of discipline on Secret Service
     employees who attended the Good Ol' Boys Roundup,
     including but not limited to communications regarding
     whether discipline should be imposed at all, what
     conduct warranted discipline, and what form such
     discipline should take.

3.   Any and all policies or practices of the Secret Service
     regarding the imposition of discipline on Secret
     Service employees who attended the Good Ol' Boys
     Roundup or similar racist events and the application of
     those policies or practices to individual Secret
     Service employees who attended the Good Ol' Boys
     Roundup.  To the extent such policies and practices of
     the Secret Service differ from those of the Department
     of Treasury, the deponent should be prepared to
     describe the differences and the reasons for the
     differences.

4.   Any and all oral or written communications regarding
     the consideration of an applicant's attendance at the
     Good Ol' Boys Roundup in the promotions process.

5.   Any and all policies or practices of the Secret Service
     regarding the consideration of an applicant's
     attendance at the Good Ol' Boys Roundup in the
     promotions process.

6.   Any and all consideration of the attendance at the Good
     Ol' Boys Roundup of the selectees for the following
     positions: 97022 (Lowery); 99168 (Cobb); 00060
     (Nenninger); 01054 (Ventura); 01115 (Spampinato); 02076
     (Bagby).  Per Plaintiffs' counsel's letter of May 18,

- 4 -

suggested dates for the depositions to take place.  The defendant

responded by letter dated June 7, 2006, notifying plaintiffs that

four of the five deponents were no longer employed by the Secret

Service, that two of them lived in Illinois, and that it would

take until mid-July to find an appropriate 30(b)(6) deponent

responsive to the deposition notice.  The defendant also stated

that he would not oppose extending the period for follow-up

discovery so that plaintiffs could take the requested

depositions.  The next day, plaintiffs filed a consent motion for

extension of time to complete follow-up discovery.

_____

        2006, any additional positions for which a named
        Plaintiff applied and a Good Ol' Boys Roundup attendee
        was selected are also included.

7.    Reasons for selection of the selectee and non-selectee
        of all Plaintiffs who applied for the position for
        positions numbered: 99033 (Albracht); 00115 (Dobson);
        02053 (Dobson); 99092 (Orloff); 99173 (Marble); 00089
        (Wofford); 02020 (Woffard); 99072 (Kaye); 99046
        (Ulmer); 00129 (Dixon); 01106 (Dixon); 99157 (Hickman);
        00082 (Hickman); 02039 (Robey and Davis); 01059
        (Kelly); 01054 (Ventura).  The deponent should be
        prepared to discuss any factors considered in chosing
        [sic] the selectee for promotion and denying the
        Plaintiff's bid for promotion.  The deponent should be
        familiar with the selectee's background and
        qualification for promotion including any disciplinary
        history or other relevant factor.  The deponent should
        be prepared to discuss all documentary or testimonial
        evidence relating to the reasons for selection and non-
        selection, and the deponent should be prepared to
        testify about how those reasons were determined.

(Def.'s Mot. Recons., Ex. 4 at 2-3.)

- 5 -

On June 13, 2006, the day after follow-up discovery was set to end, the magistrate judge ordered the defendant either to show cause "why he should not be held in contempt for his willful disregard of the court's order [that he] provide 'follow-up' discovery by June 12, 2006," or to move for an extension of the deadline himself.  (See Mag. J. Order dated June 13, 2006 at 2.) The order also struck plaintiffs' consent motion from the record "for Defendant's failure to comply with Rule 6(b)(1) of the Federal Rules of Civil Procedure."[3]  (Id.)  The defendant responded that contempt was not warranted since the April 12, 2006 order did not require the defendant to be the party to seek any extension, and that the extension motion should be reinstated and granted.  Meanwhile, plaintiffs filed anew a consent motion for time to conduct the follow-up depositions.  The magistrate judge thereafter discharged the show cause order, granted time to conduct the follow-up depositions and, citing Federal Rule of Civil Procedure 37(b)(2)(E), ordered the defendant to pay the costs and attorneys fees associated with the plaintiffs' filing of the consent motion for time to conduct the follow-up depositions.  The magistrate judge faulted the defendant for failing to state what effort, if any, he undertook in the sixty days to produce a 30(b)(6) designee, and implied that he, rather

---

[3]  Rule 6(b)(1) permits a court to extend a deadline upon a request made before the deadline has been reached.

- 6 -

than plaintiffs, should have moved for an enlargement of time in
which to comply with the April 12, 2006 order.  (See Mag. J.
Order dated July 6, 2006 at 2 n.)  The defendant moves under
Local Civil Rule 72.2(b) for reconsideration of the magistrate
judge's order imposing sanctions.  Plaintiffs take no position on
the motion.

## DISCUSSION

A party may request reconsideration of a magistrate judge's
ruling in a discovery dispute.  Pulliam v. Continental Cas. Co.,
No. 02-370, 2006 WL 2850655, at *2 (D.D.C. Oct. 4, 2006); Fed. R.
Civ. P. 72(a); LCvR 72.2(b).  "On review, the magistrate judge's
decision is entitled to great deference unless it is clearly
erroneous or contrary to law, that is, if on the entire evidence
the court is left with the definite and firm conviction that a
mistake has been committed."  Pulliam, 2006 WL 2850655, at *2
(citing Virtual Def. & Dev. Int'l, Inc. v. Rep. of Mold., 133 F.
Supp. 2d 9, 20 (D.D.C. 2001)) (internal quotations omitted); see
also Neuder v. Battelle Pac. Nw. Nat. Lab., 194 F.R.D. 289, 292
(D.D.C. 2000); LCvR 72.2(c) ("Upon a motion for reconsideration
or sua sponte, a judge may modify or set aside any portion of a
magistrate judge's order . . . found to be clearly erroneous or
contrary to law.").

- 7 -

Federal Rule of Civil Procedure 37(b)(2) permits sanctions
to be imposed when a party fails to comply with a court order.[4]
Fed. R. Civ. P. 37(b)(2).  The court shall require the
noncomplying party "to pay the reasonable expenses, including
attorney's fees, caused by the failure, unless the court finds
that the failure was substantially justified or that other
circumstances make an award of expenses unjust."  Id.  While "[a]
production order is generally needed to trigger Rule 37(b)," U.S.
Att'y Gen. v. Irish People, Inc., 684 F.2d 928, 951 n.129 (D.C.
Cir. 1982), "in order to sanction a party pursuant to
Rule 37(b)(2), the Court must identify a specific discovery order
that was actually violated."  Law Office of Azita Mojarad v.
Aquirre, No. 05-0038, 2006 U.S. Dist. LEXIS 17090, at *36 (D.D.C.
Mar. 27, 2006); see also Shepherd v. Am. Broadcasting Cos.,
62 F.3d 1469, 1474 (D.C. Cir. 1995).  "A failure to comply with
the court's discovery orders is willful whenever there is a

---

[4] The magistrate judge's July 6, 2006 order imposed
sanctions on the defendant under Federal Rule of Civil
Procedure 37(b)(2)(E).  (See Mag. J. Order dated July 6, 2006 at
2.)  Rule 37(b)(2)(E) permits sanctions to be imposed when a
party "has failed to comply with an order under Rule 35(a)
requiring that party to produce another for examination . . .
unless the party failing to comply shows that that party is
unable to produce such person for examination."  Fed. R. Civ. P.
37(b)(2)(E).  Because there is no record of any order directing
the defendant to produce another party under Rule 35(a) (see
Def.'s Mot. Recons. at 6-7 n.2), and therefore no basis for
sanctions under Rule 37(b)(2)(E), this opinion will assume that
the magistrate judge's imposition of sanctions was ordered under
Rule 37(b)(2).

- 8 -

conscious and intentional failure to comply with the court order[s]." Smith v. O'Neill, No. 99-00574, 2001 U.S. Dist. LEXIS 12575, at *13 (D.D.C. Aug. 3, 2001) (alteration in original) (internal citations and quotations omitted).

In her July 6, 2006 order, the magistrate judge imposed sanctions for the defendant's "failure to comply with [her April 12, 2006] order to provide discovery by a date certain" by not designating a Rule 30(b)(6) deponent by the June 12, 2006 discovery deadline.  Federal Rule of Civil Procedure 30(b)(6) requires a party noticing a governmental agency deposition to "describe with *reasonable particularity* the matters on which examination is requested."  Fed. R. Civ. P. 30(b)(6) (emphasis added).  "[T]he requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."  Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000); see also Alexander v. FBI, 188 F.R.D. 111, 121 (D.D.C. 1998) (denying deposition request under Rule 30(b)(6) to depose on "any other matters relevant to this case, or which may lead to the discovery of relevant evidence" as failing to meet the reasonable particularity requirement); Michilin Prosperity Co., Ltd. v. Fellowes Mfg. Co., No. 04-1025, 2006 U.S. Dist. LEXIS 32064, at *5-6 (D.D.C. May 23, 2006) (finding that plaintiff failed to meet Rule 30(b)(6)'s reasonable

- 9 -

particularity requirement by using a broad description of the
subject matter of the examination).  It is the receipt of the
notice of deposition detailing with particularity the subjects of
the examination that triggers the receiving entity's obligation
to "provide responsive witnesses with knowledge concerning the
relevant subject matter."  McKesson Corp. v. Islamic Rep. of
Iran, 185 F.R.D. 70, 79 (D.D.C. 1999).

The procedural record, when viewed in light of these legal
principles, reflects that sanctions were mistaken.  The specific
discovery order deemed to have been violated did require the
completion of any additional discovery within 60 days.  It did
not, however, specify any deadline by which plaintiffs had to
serve any detailed Rule 30(b)(6) deposition notice; or specify
that the defendant was obliged to produce any Rule 30(b)(6)
deponent within the 60-day period no matter how late in that
period the plaintiffs served the required, detailed deposition
notice; or even specifically direct the defendant to produce a
Rule 30(b)(6) deponent at all.  The defendant may have caused
unjustified delays before.  Here, though, the defendant cannot
justly be blamed for projecting an inability to produce timely a
Rule 30(b)(6) deponent when plaintiffs gave the defendant a mere
two and one-half weeks to locate and prepare one in response to
the two-page, seven paragraph detailed description of matters
contained in the notice of deposition.  While plaintiffs'

- 10 -

February 2006 motion mentioned their plan to seek a Rule 30(b)(6)
deposition, neither that motion nor any other filing by
plaintiffs disclosed by a careful search of the record was ever
presented as, or equaled, the kind of Rule 30(b)(6) notice
bearing the detail required under the rule, such as plaintiffs
later served.

In addition, the specific discovery order that the
magistrate judge deemed to have been violated did not specify
which party had a duty to seek a discovery extension when the
extension was required by both parties, as it was in this case.[5]
Nor does Fed. R. Civ. P. 6(b), which allows parties to move for
an extension of time.  Thus, the magistrate judge's decision to
sanction the defendant under Rule 37(b)(2) because of his alleged
failure to comply with her April 12, 2006 order was mistaken and
the sanctions will be vacated.

CONCLUSION AND ORDER

A careful review of the record does not support the
conclusion that the defendant intentionally failed to abide by
the discovery deadline, or that any specific provision of the

---

[5]  Plaintiffs required additional time to schedule and
depose the deponents because four of the five deponents whom
plaintiffs waited six weeks to identify were no longer employed
by the defendant and two lived as far away as Illinois.  (See
Def.'s Mot. Recons. at 2-3.)  The defendant needed additional
time to identify a responsive Rule 30(b)(6) deponent.  (Id. at
3.)  As a result, the parties had consented to request an
extension of the magistrate judge's June 12, 2006 deadline.

- 11 -

discovery order required the defendant to be the party to move

for a discovery extension under the circumstances of this case.

Accordingly, it is hereby

ORDERED that defendant's motion [360] for reconsideration

be, and hereby is, GRANTED.  That portion of the magistrate

judge's July 6, 2006 Order [354] requiring defendant to pay the

attorneys' fees and costs associated with plaintiffs' filing the

consent motion for extension of time to conduct the 30(b)(6)

deposition is VACATED.

SIGNED this 19th day of October, 2006.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge