UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
                               )
REGINALD MOORE *et al.*,        )
                               )
        Plaintiffs,            )
                               )
        v.                     )  Civil Action No. 00-953 (RWR)(DAR)
                               )
MICHAEL CHERTOFF,              )
                               )
        Defendant.             )
_____ )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, ten African-American current and former special agents of the United States Secret Service, brought this employment discrimination action individually and on behalf of a putative class of African-American special agents.  The defendant has moved for reconsideration of Magistrate Judge Robinson's order directing the defendant to respond to an interrogatory in its entirety by January 19, 2007.  Because the magistrate judge's decision was not clearly erroneous, his motion for reconsideration will be denied.

## BACKGROUND

Plaintiffs filed an amended complaint alleging discrimination in the Secret Service's selection and promotion process and then propounded related interrogatories.  (Pls.' Opp'n to Def.'s Mot. for Recons. of the Mag. J.'s Oral Ruling on Pls.' Mot. to Compel Reasons for Non-Selection ("Pls.' Opp'n") at 2.)  Interrogatory No. 4(c) requested information and documents

- 2 -

pertaining to the reasons for non-selection of plaintiffs and the
reasons for selection of selectees.[1]  (See Pls.' Opp'n, Ex. B at
7-8.)  Defendant objected to the interrogatory "as overbroad,
unduly burdensome, and not reasonably calculated to lead to the
discovery of admissible evidence."  (Pls.' Opp'n, Ex. C at 19.)
Plaintiffs filed a motion to compel.  The magistrate judge found
that "the information which is sought by the Plaintiffs [through
Interrogatory No. 4(c)] encompasses what the Court believes is
the crux of a Title 7 claim of non-selection; that is, the
reasons for the non-selection."  (Pls.' Opp'n, Ex. A at 3.)
Noting that the grounds for defendant's objection were that the
interrogatory was overbroad, unduly burdensome and irrelevant,

---

[1] Interrogatory No. 4(c) provides:

> For each competitive promotion to the GS-14 level for
> which Plaintiffs Moore, Turner, Summerour, Tyler,
> Ivery, Harris, Hendrix, and Rooks applied until the
> time of their first promotion to GS-14, if any, or
> resignation without promotion and for each competitive
> promotion to the GS-15 level for which Plaintiff Harris
> applied until his first promotion to GS-15:
>
> . . .
>
> (c) State in detail each and every reason why the
> Plaintiff was not chosen and the selectee was chosen,
> identifying any alleged qualification, job performance,
> conduct, or other reason which explains each
> Plaintiff's non-selection and the selectee's selection
> and each fact known to Defendant that supports the
> alleged basis for the non-selection of the Plaintiff
> and selection of the selectee.  Identify any documents
> reflecting same.
>
> (Pls.' Opp'n, Ex. B at 7-8.)

- 3 -

the magistrate judge found that there was no legal issue in dispute and resolved the dispute within her "relatively broad discretion." (Id. at 4.)  Considering the fast-approaching discovery deadline, the magistrate judge refused to accept the defendant's contention that it would take at least six months to produce the requested information in Interrogatory No. 4(c), and found that "the mere representation that a task that the Defendant has resisted although knowing that there were claims as to which this information would be required . . . is not a claim that the Court can credit in this context." (Id. at 41.)  The magistrate judge granted the plaintiffs' motion to compel and ordered the defendant to respond by January 19, 2007.

The defendant now seeks reconsideration of the magistrate judge's order regarding Interrogatory 4(c) to the extent that it requires production regarding non-promotion selection decisions where (1) no plaintiffs made the Best Qualified List and thus were not considered for promotion, and (2) a plaintiff was selected for one but not another position during the same bidding cycle and no other plaintiff bid on those positions.  The defendant argues that the magistrate judge erred in not finding the information sought to be overly broad, unduly burdensome, and irrelevant, and in requiring the defendant to produce the discovery sought by January 19, 2007.

- 4 -

<u>DISCUSSION</u>

A party may request reconsideration of a magistrate judge's determination in a discovery dispute.  Fed. R. Civ. P. 72(a); LCvR 72.2(b); <u>Pulliam v. Continental Cas. Co.</u>, Civil Action No. 02-370 (RWR), 2006 WL 2850655, at *2 (D.D.C. Oct. 4, 2006).  "On review, the magistrate judge's decision is entitled to great deference unless it is clearly erroneous or contrary to law, that is, if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed."  <u>Pulliam</u>, 2006 WL 2850655, at *2 (citing <u>Virtual Def. & Dev. Int'l, Inc. v. Rep. of Mold.</u>, 133 F. Supp. 2d 9, 20 (D.D.C. 2001)) (quotations omitted); <u>see</u> LCvR 72.2(c) ("Upon a motion for reconsideration or sua sponte, a judge may modify or set aside any portion of a magistrate judge's order . . . found to be clearly erroneous or contrary to law."); <u>Neuder v. Battelle Pac. Nw. Nat. Lab.</u>, 194 F.R.D. 289, 292 (D.D.C. 2000).

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  <u>Id.</u>; <u>see</u> <u>United States <em>ex rel.</em> Fargo v. M & T Mortgage Corp.</u>, 235 F.R.D. 11, 21 (D.D.C. 2006) ("Rule 26(b)(1) entitles parties to broad discovery, permitting discovery that is

reasonably calculated to lead to the discovery of admissible evidence." (quotations omitted)); <u>Peskoff v. Faber</u>, Civil Action No. 04-526 (HHK)(JMF), 2006 WL 1933483, at *2 (D.D.C. July 11, 2006) (finding that a party's discovery request was not overly broad where it was relevant, meaning that it was reasonably calculated to lead to the discovery of evidence relating to plaintiff's claim).  "For the purposes of discovery, relevancy is broadly construed and encompasses any material that bears on, or that reasonably leads to other matters that could bear on, any issue that is or may be in the case." <u>Alexander v. F.B.I.</u>, 194 F.R.D. 316, 325 (D.D.C. 2000).  Moreover, "[a]s Title VII cases are particularly hard to prove . . ., discovery in these cases is necessarily broad." <u>Mitchell v. Nat'l R.R. Passenger Corp.</u>, 208 F.R.D. 455, 459 (D.D.C. 2002).

Although discovery rules "are to be accorded a broad and liberal treatment," <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947), discovery should be limited by the court if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).  "An undue burden is identified by looking at factors such as relevance, the need for the documents, the

- 6 -

breadth of the document request, the time period covered by such request, the particularity with which the documents are described, and the burden imposed." <u>Wyoming v. USDA</u>, 208 F.R.D. 449, 452-53 (D.D.C. 2002) (citing <u>Flatow v. Islamic Rep. of Iran</u>, 196 F.R.D. 203, 206-07 (D.D.C. 2000).

Defendant contends that plaintiffs' request to obtain information on reasons for non-selection has "no useful purpose," because the selectee cannot be compared to a plaintiff because no plaintiff's name was provided for selection.  (<u>See</u> Def.'s Mem. in Supp. of Def.'s Mot. for Recons. of Mag. J. Robinson's Oral Ruling on Pls.' Mot. to Compel Reasons for Non-Selection ("Def.'s Mot. for Recons.") at 8-9.)  Explaining the burden of this request, defendant claims that "in cases where no plaintiff could even be considered for promotion, plaintiffs' Interrogatory No. 4(c) would require defendant to identify the selectee's qualifications, job performance, conduct or other reasons as to why the selectee was chosen."  (<u>Id.</u> at 8.)  Defendant further claims that "[a] similar problem arises" with plaintiffs' request to obtain information on reasons for certain selectee's selection over plaintiffs during a particular bidding cycle.  (<u>Id.</u> at 9.)  Defendant argues that "[t]he reasons why a plaintiff was selected for X location as opposed to Y location, or why a particular selectee was chosen for Y location, is irrelevant to [plaintiffs'] claims."  (<u>Id.</u>)  With respect to both categories of

- 7 -

selection decisions, defendant claims that it would be "time-
consuming work" to provide plaintiffs with information that
"cannot serve any useful purpose in this litigation."  (Id. at
10.)

    Defendant raises here the same arguments as those made
before the magistrate judge before she found it apparent that the
information sought was relevant to the crux of a Title 7 claim of
non-selection, namely, the reasons for the non-selection.  The
defendant cites to no authority, however, to show that her
finding was erroneous.  Plaintiffs allege discrimination at every
stage of the promotion process.  They argue that a plaintiff's
absence from the best qualified list during a particular bidding
cycle cannot limit the data sought since the amended complaint
alleges that the process by which individuals were placed on that
list was discriminatory.  As plaintiffs note, the defendant
cannot rely upon the fruits of a discriminatory scoring system
that creates the best qualified list to shield him from producing
information that may be relevant to the reasons for non-
selections.  Likewise, plaintiffs contend that the reasons why
they were chosen for certain positions over others during a
bidding cycle were discriminatory.[2]  The requested discovery

---

[2]  Defendant erroneously argues that plaintiffs do not
complain about non-selections at specific geographical locations,
and complain simply about the delays in grade-level promotions.
(Def.'s Mot. for Recons. at 9.)  To the contrary, plaintiffs do
complain about racial discrimination affecting geographical

- 8 -

regarding the reasons for non-selection of a plaintiff where no plaintiff made the best qualified list and where a plaintiff was selected for one position and not another during a bidding cycle is important to the resolution of plaintiffs' claims of discrimination throughout the selection process and is reasonably related to them.  Similarly, the reasons as to why selectees were chosen provides useful bases for comparisons to plaintiffs' qualifications, job performance or conduct and bases for possibly isolating neutral or discriminatory reasons prompting selection decisions.  Given the great amount of discretion afforded the magistrate judge in making discovery decisions, see, e.g., Gluck v. Ansett Austl. Ltd., 204 F.R.D. 217, 221 (D.D.C. 2001), Chavous v. D.C. Fin. Resp. & Mgmt. Assist. Auth., 201 F.R.D. 1, 2 (D.D.C. 2001), her decision to require defendant to respond in full to Interrogatory No. 4(c) was not clearly erroneous.

Defendant also argues that the Secret Service was unable to produce the discovery sought by the January 19, 2007 deadline the magistrate judge imposed.  Referring to production as a "mammoth task" (Def. Mot. for Recons. at 10), the defendant claims that responding to Interrogatory No. 4(c) would "be an overwhelming drain on the Secret Service's resources," requiring approximately six months to complete.  (Id. at 14.)  As is explained above, the requested information is of prime importance and its relevance to

---

placements.  (See Second Am. Supp. Class Compt. ¶ 24.)

- 9 -

plaintiffs' discrimination claim for the time period alleged is clear.  The particularity of the information sought is not disputed.  While the defendant claims that the agency will be burdened by this request, the defendant certainly does not claim or demonstrate so great a burden as to substantially disrupt the agency's mission.  His showing fails to establish that the potential burden outweighs the likely benefit to the litigation, especially given the magistrate judge's finding that this information constituted the crux of a Title 7 claim of non-selection.

Moreover, although the defendant claimed that it would be impossible to respond to plaintiffs' discovery request by the January 19, 2007 deadline, the magistrate judge refused to credit the defendant's six-month estimate to perform a task he resisted while knowing of claims that would require it.  The defendant learned that plaintiffs' non-selection class allegations would be allowed nearly nine months prior to the magistrate judge's order compelling discovery.  See Moore v. Chertoff, 424 F. Supp. 2d 145 (D.D.C. 2006).  Plaintiffs filed their amended complaint, with specific allegations of non-selection discrimination, over six months before the magistrate judge's decision.  On June 15, 2006, the plaintiffs propounded Interrogatory 4(c), among others.  The magistrate judge's refusal was not unsupported.  In any event, since the defendant began to gather information to respond to the

- 10 -

interrogatory nearly five months ago now (Def.'s Mot. for Recons. at 13), the objection to the January deadline is by now virtually moot, and the defendant will be given the same one-month period by which to comply as the magistrate judge provided.

The defendant has failed to demonstrate how the magistrate judge's decision was clearly erroneous, and her decision will be upheld.

CONCLUSION AND ORDER

Because Magistrate Judge Robinson's order requiring the defendant to respond to plaintiffs' Interrogatory No. 4(c) was not clearly erroneous, the defendant's motion for reconsideration will be denied.  Accordingly, it is hereby

ORDERED that the defendant's motion [392] for reconsideration be, and hereby is, DENIED.  The defendant shall comply with the magistrate judge's order within 30 days.  It is further

ORDERED that the defendant's emergency motion [393] to stay discovery pending the resolution of the motion for reconsideration be, and hereby is, DENIED as moot.

SIGNED this 8th day of May, 2007.


                        _____/s/_____
                        RICHARD W. ROBERTS
                        United States District Judge