**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REGINALD G. MOORE, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 00-953 (RWR/DAR) |
| ) | |
| MICHAEL CHERTOFF ) | |
| SECRETARY, U.S. ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's May 1, 2007 Order, the parties submit this joint status report to indicate "their latest projections on when discovery will be complete" and to provide "any further information they wish to bring to the Court's attention." Certain outstanding issues relating to discovery need to be resolved either by the parties or by the Court before pre-class certification discovery in this case is complete. To understand the outstanding issues and the basis for a projection on when pre-class certification discovery will be complete, the parties submit the following summary of relevant discovery-related events.[1]

**Pending Matters**

Between May 1, 2006 and March 16, 2007, the parties conducted pre-class certification discovery concerning Plaintiffs' First Amended and Supplemental Class Complaint and Second Amended and Supplemental Class Complaint, exchanging documents, propounding and

---

1   Should a class be certified on any issue, Defendant believes that he will need additional discovery on class issues. Plaintiffs reserve the right to oppose any request for additional discovery.

responding to interrogatories and requests for admission, taking depositions, and resolving discovery disputes without, and sometimes with, the Court's intervention.

### A. Plaintiffs' Interrogatory 4(c)

On December 14, 2006, Magistrate Judge Robinson granted Plaintiffs' Motion to Compel Reasons for Non-Selection [D.E. 374] in response to Plaintiffs' Interrogatory 4(c), which requested Defendant to identify the reasons why Plaintiffs were not selected for each promotion for which they applied for which Defendant had not already produced such information. The Magistrate Judge ordered Defendant to respond to Interrogatory 4(c) by January 19, 2007. Defendant moved for reconsideration of that ruling, and on May 8, 2007, this Court denied that motion and ordered Defendant to respond within 30 days to the portions of Interrogatory 4(c) to which Defendant had objected in his motion for partial reconsideration. Defendant's response will be provided on the date set by the Court.

### B. Defendant's Objection to the Magistrate Judge's April 26, 2007 Ruling on Plaintiffs' Motion for Sanctions

On February 1, 2007, Plaintiffs filed a Motion for Sanctions against Defendant for failing to comply fully with the Magistrate Judge's December 14, 2006 Order [D.E. 405], which Defendant opposed [D.E. 407]. On April 26, 2007, Magistrate Judge Robinson granted Plaintiffs' Motion for Sanctions. On May 10, 2007, Defendant filed an objection to Magistrate Judge Robinson's April 26, 2007 ruling [D.E. 441], which Plaintiffs will oppose. This objection is not yet fully briefed.

### C. Defendant's Partial Objection to the Magistrate Judge's April 3, 2007 Ruling on Plaintiffs' Motion for Extension of the Discovery Deadline

On March 8, 2007, before the March 16, 2007 discovery deadline, Plaintiffs filed a Motion for a Six-Week Extension of Discovery [D.E. 411], which Defendant opposed [D.E. 418]. On March 16, 2007, Plaintiffs served Defendant with requests for the production of

documents. On April 3, 2007, Magistrate Judge Robinson granted in part Plaintiffs' Motion for Six-Week Extension of Discovery and extended the deadline for the completion of non-expert discovery to May 8, 2007 "for the sole purpose of allowing Plaintiffs limited follow-up discovery," which "is limited to the requests for production of documents served by Plaintiffs on March 16, 2007," and denied the remainder of Plaintiffs' Motion for Six-Week Extension of Discovery without prejudice. On April 17, 2007, Defendant filed an objection to the April 3, 2007 Order [D.E. 434], which Plaintiffs opposed [D.E. 437]. That motion remains pending.

Defendant responded to Plaintiffs' March 16, 2007 document requests on May 15, 2007. 2  However, as explained in Defendant's reply in support of his objection [D.E. 443], Defendant believes that this response does not render Defendant's objection moot.

### D.     Plaintiffs' Motion for Leave to File a Second Supplement to Their Opposition to Defendant's Partial Dispositive Motion

Plaintiffs have moved for leave to file a second supplement to Defendant's partial dispositive motion [D.E. 440]. Defendant will not oppose the motion for leave to file and will respond to Plaintiffs' second supplement by May 24, 2007.

### Further Discovery Issues

In addition to the foregoing, the parties submit the following summary of issues relating to discovery that need to be resolved before pre-class certification discovery in this case will be complete.

### A.     Fact Discovery

With respect to depositions, Plaintiffs will take the deposition of the Director of the Secret Service, Mark Sullivan, this summer, 3/ and they intend to file a motion for leave to take

---

2     On May 9, 2007, the Magistrate Judge granted Defendant an extension of time to May 15, 2007, in which to respond to Plaintiffs' March 16th discovery request.

the remainder of their 35 allotted depositions, which Plaintiffs will limit to individuals who provided information responsive to Interrogatory 4(c). Defendant reserves his right to oppose such a request. In addition, Plaintiffs and Defendant believe that there are outstanding deficiencies in the opposing party's discovery obligations, which the parties will attempt to resolve without Court intervention.

Based on the foregoing, the parties estimate that pre-class fact certification discovery will be complete by August 31, 2007. That projection depends on a number of factors, including whether and how quickly the parties can resolve their outstanding discovery disputes and how the Court rules on the pending discovery-related matters before it and Plaintiffs' expected motion for leave to take additional depositions from their remaining allotment of 35 depositions.

B.   **Expert Discovery**

Following completion of fact discovery, the parties will need to complete expert discovery. On March 30, 2007, Plaintiffs filed a consent motion for extension of time to complete their expert report and an enlargement of subsequent deadlines [D.E. 428], which the Court granted. Pursuant to that consent motion, the parties agreed that Plaintiffs' expert report deadline would be set for 30 days after Defendant provides certain data necessary to conduct expert analysis and that they would inform the Court about the new agreed-upon expert report deadline and subsequent deadlines once they are known. Because pre-class certification fact discovery may not be completed until August 31, 2007, the parties have revisited the issue of

---

3/   On April 26, 2007, Magistrate Judge Robinson denied Defendant's Motion for Protective Order in which Defendant sought to limit the scope of Director Sullivan's deposition and allowed Plaintiffs to depose Director Sullivan on topics on which he obtained personal knowledge before he became the Director of the Secret Service. Plaintiffs noticed Director Sullivan's deposition for June 15, 2007, but Defendant has informed them that he is not available on that date. The parties are working together to find a mutually convenient date this summer for the deposition.

expert discovery. The parties anticipate that Plaintiffs will produce their expert report(s) on September 14, 2007, that Defendant's expert report(s) will be due 45 days after Plaintiffs' expert report(s), 4 and that expert discovery will close on or about November 30, 2007.

    **C.**    **Class Certification Briefing**

The parties expect that they will request that the Court enter the following briefing schedule for class certification:

    (1)    Plaintiffs' motion to certify the class is due on December 14, 2007;

    (2)    Defendant's opposition is due on January 29, 2008; 5 and

    (3)    Plaintiffs' reply is due within 21 days after Defendant's opposition.

---

4    Defendant reserves the right to move to amend this date if Plaintiffs identify new expert witnesses. Plaintiffs reserve the right to oppose such a motion.

5    If the projected briefing schedule on class certification did not fall around the winter holidays, Defendant would have 30 days to respond to Plaintiffs' motion for class certification. However, because the current projected date for Defendant's opposition to Plaintiffs' motion for class certification falls shortly after the holidays, Plaintiffs have agreed to allow Defendant an additional two weeks to file an opposition. However, if the projected class certification briefing schedule changes and does not involve briefing around the holidays, Defendant will be allowed 30 days to oppose the motion for class certification. In addition, Defendant reserves the right to move to amend the date on which the opposition is due if Defendant files a further dispositive motion after the close of all discovery. Plaintiffs believe that delaying the resolution of the class certification motion would cause needless delay, and they reserve the right to oppose any motion that seeks to delay the briefing or resolution of a class certification motion.

Respectfully submitted,

| | |
|---|---|
| E. Desmond Hogan (D.C. Bar # 458044) | Jeffrey A. Taylor (D.C. Bar # 498610) |
| Deborah L. Boardman (D.C. Bar # 476869) | United States Attorney |
| Melissa N. Henke  (D.C. Bar # 483741) | |
| Jennifer W. Feinberg (D.C. Bar # 482788) | |
| Hogan & Hartson LLP | |
| 555 Thirteenth Street, N.W. | |
| Washington, D.C. 20004 | Rudolph Contreras ((D.C. Bar # 434122) |
| (202) 637-5600 | Assistant United States Attorney |
| | |
| John P. Relman (D.C. Bar # 405500) | Benton G. Peterson (WI Bar # 1029849) |
| Jennifer I. Klar (D.C. Bar # 479629) | Marina Utgoff Braswell (D.C. Bar # 416587) |
| Relman & Dane PLLC | Michelle Johnson (D.C. Bar # 491910) |
| 1225 Nineteenth Street, N.W., Suite 600 | Assistant United States Attorneys |
| Washington, D.C. 20036 | U.S. Attorney's Office |
| (202) 728-1888 | 555 4th Street, N.W. – Civil Division |
| | Washington, D.C. 20530 |
| | (202) 514-7226 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

Dated:  May 18, 2007