**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____    )
                                    )
**REGINALD MOORE, <u>et al.</u>,**            )
                                    )
    **Plaintiffs,**                   )
                                    )
    **v.**                             )   **Civil Action No. 00-953 (RWR)(DAR)**
                                    )
**MICHAEL CHERTOFF,**                   )
                                    )
    **Defendant.**                    )
_____    )

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiffs, current and former African-American special agents of the United States Secret Service, brought this employment discrimination action individually and on behalf of a putative class of African-American special agents.  The defendant objects to Magistrate Judge Deborah Robinson's order granting plaintiffs' motion to compel defendant to conduct a reasonable search for responsive paper documents.  Because the magistrate judge's decision was not clearly erroneous, the defendant's objection will be overruled.

<u>BACKGROUND</u>

In October 2007, plaintiffs filed a motion to compel defendant to produce responsive paper documents and for sanctions ("motion to compel").  On December 21, 2007, Magistrate Judge Robinson granted plaintiffs' motion to compel from the bench and

-2-

awarded costs, including attorneys' fees, related to the motion
to compel.[1]

Defendant now objects to the magistrate judge's ruling,
urging that the order is "clearly erroneous and contrary to law
to the extent that it requires defendant to produce documents
[from former Secret Service employees] that are not within his
possession, custody, or control."  (See Def.'s Mem. in Support of
Def.'s Mot. for Recons. of the Magistrate Judge's Order of
Dec. 26, 2007 ("Def.'s Obj'n") at 3.)[2]  Plaintiffs oppose,
insisting that the magistrate judge's order did not require the
defendant to produce such documents.

DISCUSSION

"A party may object to a magistrate judge's determination in
a discovery dispute."  Graham v. Mukasey, 247 F.R.D. 205, 207
(D.D.C. 2008) (citing Fed. R. Civ. P. 72(a); LCvR 72.2). "On
review, the magistrate judge's decision is entitled to great
deference unless it is clearly erroneous or contrary to law, that
is, if on the entire evidence the court is left with the definite

---

[1]  A minute order documenting her oral ruling was entered on
December 26, 2007.

[2]  Although defendant filed a motion for reconsideration,
his pleading will be treated as an objection to the magistrate
judge's order.  See In re Papst Licensing GMBH & Co. KG Litig.,
550 F. Supp. 2d 17, 21 (D.D.C. 2008) ("[E]ven though [defendant]
titled its motion as 'objections to and motion to reconsider,'
the Court treats the pleading as objections to the Magistrate
Judge's order and not as a motion to reconsider") (citing comment
to LCvR 72.2).

-3-

and firm conviction that a mistake has been committed." Moore v. Chertoff, Civil Action No. 00-953 (RWR), 2007 WL 1378465, at *2 (D.D.C. May 8, 2007) (internal quotations and citations omitted); see also Graham, 247 F.R.D. at 207; LCvR 72.2(c) ("Upon consideration of objections filed . . ., a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law.").

In his objection to the magistrate judge's order, the defendant urges that the order is "clearly erroneous and contrary to law to the extent that it requires defendant to produce documents [from former Secret Service employees] that are not within his possession, custody or control."  (See Def.'s Obj'n at 3.)  In support of his contention, the defendant highlights that under the Federal Rules of Civil Procedure, a party may not require another party to produce documents that are not within his possession, custody, or control.  See Fed. R. Civ. P. 34(a). His point, however, is irrelevant here, as the transcript of the December 21, 2007 hearing reflects no discussion by either the parties or the magistrate judge of the defendant being asked to, let alone required to, produce from former employees documents not in his possession.  Instead, references to former employees at that hearing were made in the context of the defendant contacting those employees in order to determine where their

-4-

files may be located in the Secret Service offices.  (See, e.g.,
Dec. 21, 2007 Tr. at 66 (Magistrate Judge Robinson: "I don't
think that retired Secret Service agents know where every
document that they laid their hands on and they looked at is
filed in the Secret Service and the Secret Service has an
obligation to go look for those.") (emphasis added); see also id.
at 7, 72.)

Similarly, nowhere in plaintiffs' underlying motion to
compel or their reply in support of their motion to compel did
the plaintiffs request that the defendant produce from former
employees documents not in his posession.  For instance,
defendant relies on the following comment made by plaintiffs in
their motion to compel to support his assertion that plaintiffs
improperly requested such documents:

> [M]any, if not most, of the decision-makers during the
> class period are no longer employees.  Thus, querying
> current employees would capture only a small fraction
> of even the "personal" files retained by the decision-
> makers.  This motion [to compel] followed.

(Def.'s Reply in Support of Def.'s Obj'n at 2 (quoting Pls.' Mot.
to Compel at 11-12).)  A logical reading of plaintiffs' comment
would be that plaintiffs expected the defendant to query former
employees in order to be able to capture a more complete set of
the relevant files in the Secret Service's possession retained by
decision-makers, not that plaintiffs expected defendant to turn
over files in the actual possession of those former employees.

-5-

Likewise, defendant's reliance on the following portion of plaintiffs' reply brief in support of their motion to compel is unavailing:

> Defendant also proposes to contact former Special Agents involved in the decision-making process and ask if they recall whether they possess any responsive documents. While that might yield some responsive documents, it will by no means yield the universe of documents to which plaintiffs are entitled. . . . Defendant's failure to timely produce this information, and the continued withholding of similar information from hundreds of other decision-makers, severely prejudices plaintiff.

(Def.'s Reply at 3 (quoting Pls.' Reply in Support of their Mot. to Compel at 9, 12).) What defendant omitted from his quotation, as is reflected in the underlined text that follows, is most telling:

> ". . . it will by no means yield the universe of documents to which Plaintiffs are entitled, <u>as Defendant cannot reasonably expect that former Agents will recall what, much less where, all responsive documents exist[].  In any event, this proposal certainly does not alleviate Defendant from his obligation to search for responsive documents (be it from former or current Agents) in his possession.</u>"

(Pls.' Mot. to Compel at 9) (emphasis added). It is clear that plaintiffs, responding to the <u>defendant's</u> proposal to attempt to retrieve documents in the possession of the former employees, were emphasizing that regardless of what the defendant's proposal entailed, he had an obligation to search for former employees' responsive documents that are "in his possession" -- and that his

-6-

failure to meet this obligation prompted, in large part,

plaintiffs' motion to compel.

Finally, the defendant argues that an exchange between

himself and the magistrate judge on January 10, 2008 confirms

that she was of the opinion that defendant was obligated to

produce from former employees documents not in his possession.

The exchange proceeded as follows:

> Court:    What is your representation regarding the
>           status of the Defendant's compliance with the
>           order of the Court entered on December 21st[?]
>
> Def.:     Defendant had contacted all the current
>           employees previously and had represented that
>           to Plaintiffs in [a] letter. . . .  With
>           regard to employees that we've contacted or
>           that we've reached out to but have not
>           responded back to us, former employees, there
>           are former employees that we have not heard
>           back from, but we are in a continual effort
>           to get them to respond.  Of course, as the
>           Court knows, we don't have direct control
>           over these people. . . .
>
> Court:    Am I to conclude from your summary that the
>           defendant has not fully complied with the
>           December 21st, 2007 order?
>
> Def.:     No, your honor. . . .  We don't have control
>           over former employees, so we don't have any
>           documents to turn over that we're retaining.
>           . . .  So we've complied with the Court's
>           order as fully we can[.]

(Jan. 10, 2007 Tr. at 8-11.)

Contrary to the defendant's assertion, this exchange does

not suggest that the magistrate judge believed, or conveyed to

defendant, that compliance with her order meant that the

-7-

defendant had to retrieve documents in the possession of the former employees.  The core question was whether the defendant had complied with the order by contacting and receiving responses from those employees, and conducting a search of responsive paper documents -- within his possession, custody, or control -- based on those employees' responses.

As plaintiffs note, the defendant has essentially objected to a "phantom magistrate ruling."  (Pls.' Opp'n to Def.'s Obj'n at 4.)  Magistrate Judge Robinson's order simply did not require the defendant to produce from former employees documents outside of his possession, custody, or control.[3]

## CONCLUSION AND ORDER

Because Magistrate Judge Robinson's order granting plaintiffs' motion to compel and awarding costs to plaintiffs related to the motion to compel was not clearly erroneous or contrary to law, the defendant's objection will be overruled. Accordingly, it is hereby

ORDERED that defendant's motion [520] for reconsideration, treated as an objection to the magistrate judge's December 26, 2007 Order, be, and hereby is, OVERRULED.

---

[3]  In turn, defendant's argument that the magistrate judge's "order is also clearly erroneous and contrary to law to the extent that it awards plaintiffs for bringing this unnecessary motion [to compel][,]" (Def.'s Obj'n at 3), also fails.

-8-

SIGNED this 12th day of September, 2008.

                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge