UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
REGINALD MOORE, et al.,         )
                                )
        Plaintiffs,             )
                                )
        v.                      )  Civil Action No. 00-953 (RWR/DAR)
                                )
JANET NAPOLITANO,               )
                                )
        Defendant.              )
_____ )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, current and former African-American special agents of the United States Secret Service, brought this employment discrimination action individually and on behalf of a putative class of African-American special agents against the Secretary of the Department of Homeland Security.  The defendant objects to two of the magistrate judge's discovery orders -- one sanctioning the defendant for failing to fully respond to one of the plaintiffs' interrogatories by a court-ordered deadline, and one granting the plaintiffs' motion to compel electronic searches and sanctioning the defendant by awarding plaintiffs the costs of the motion.  Because the orders reflect no error, but the defendant has shown reason to modify two sanctions issued by the magistrate judge, the defendant's objections to her rulings will be overruled except as to the dates from which the preclusion and payment sanctions are measured.

2

BACKGROUND

The defendant has filed objections to two rulings issued by the magistrate judge: (1) an April 26, 2007 sanction order precluding the defendant from introducing into evidence at any stage, any information responsive to one of plaintiffs' interrogatories that was not provided to the plaintiffs by January 30, 2007, and (2) a September 13, 2007 order granting the plaintiffs' motion to compel the defendant to search for and produce responsive e-mails and other electronically stored documents (collectively referred to only as "electronic documents").

DISCUSSION

Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.2(b) allow a party to seek reconsideration of a magistrate judge's decision in a discovery dispute. "On review, the magistrate judge's decision is entitled to great deference unless it is clearly erroneous or contrary to law, that is, if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." Moore v. Chertoff, 577 F. Supp. 2d 165, 167 (D.D.C. 2008) (internal quotations and citations omitted); see also Graham v. Mukasey, 247 F.R.D. 205, 207 (D.D.C. 2008); LCvR 72.2(c) ("Upon consideration of objections filed . . . , a district judge may modify or set aside any portion of a magistrate judge's order

under this Rule found to be clearly erroneous or contrary to law.").

I.  SANCTION PRECLUDING USE OF INFORMATION RESPONSIVE TO
    INTERROGATORY 4(c)

On December 14, 2006, the magistrate judge granted the plaintiffs' motion to compel and ordered the defendant to fully respond to plaintiffs' Interrogatory 4(c) by January 19, 2007.[1] On February 1, 2007, the plaintiffs filed a motion to sanction the defendant under Rule 37(b)(2)(B) for violating the court's December 14 order, arguing that the defendant had failed to fully respond to Interrogatory 4(c) by the court-ordered deadline and unilaterally determined that it would continue to produce documents on a rolling basis without seeking compromise from the plaintiffs or relief from the court.  (See Pls.' Mot. for Sanction of Def. for Failure to Comply with Ct. Order ("Pls.' Sanction Mot.") at 2.)  In an April 26, 2007 bench ruling, the magistrate judge granted the plaintiffs' motion for a sanction and precluded the defendant from introducing "as evidence, for whatever purpose and at any stage of discovery or at trial, . . .

---

[1]The defendant moved for reconsideration of the magistrate judge's order granting the plaintiffs' motion to compel, arguing that the magistrate judge erred by not sustaining some of the defendant's objections to Interrogatory 4(c) and by imposing the January 19, 2007 deadline for production despite the defendant's showing that it would need additional time beyond January 19 to fully respond.  On May 8, 2007, the defendant's motion for reconsideration was denied and the defendant was ordered to comply with the magistrate judge's order within thirty days of the May 8 order.

any information that is responsive to Interrogatory 4(c) that was not provided to [the] Plaintiffs on or before January 30, 2007." (Pls.' Sanction Mot. at 3.)

The defendant has filed objections to the magistrate judge's sanction order on several grounds.  She contends that the magistrate judge erred in issuing a "severe" preclusionary sanction when the defendant had made substantial efforts to comply with the January 19 deadline, and claims that she was permitted to withhold certain documents that were the subject of her motion for reconsideration of the magistrate judge's order granting the plaintiffs' motion to compel.  (<u>See</u> Def.'s Obj'ns to Sanction Order at 12, 17-18, 20; Defs.' Reply in Support of Objn's to Sanction Order at 11-12.)  These arguments lack merit. Absent a court order staying enforcement of a magistrate judge's discovery order, a party must comply with the magistrate judge's order, even if the order is subject to review by the district court.  <u>Cf.</u> <u>Ilan-Gat Eng'rs, Ltd. v. Antigua Int'l Bank</u>, 659 F.2d 234, 239 (D.C. Cir. 1981) (concluding that a magistrate judge may sanction a party who does not comply with a discovery order regardless of any challenge to the court's subject matter jurisdiction over the complaint).  A party is not free to unilaterally alter the method of compliance mandated by such an order.  A preclusion sanction issued for failure to comply with a discovery production deadline set in a magistrate judge's order

far from being severe is a wholly unexceptional remedy that is
contemplated in the federal rules.  <u>See</u> Fed. R. Civ. P.
37(b)(2)(A)(ii), (d)(3).

The defendant also argues that the magistrate judge erred in
sanctioning the defendant on April 26 for failing to produce
documents that the district court on May 8 gave the defendant an
additional thirty days to produce.  A magistrate judge cannot err
in April by ruling in a way that differs from a district court
order yet to be issued in May.  Nevertheless, because the May 8
order later extended the defendant's deadline to produce
documents responsive to Interrogatory 4(c) from January 19, 2007
to thirty days from the May 8 order denying the defendant's
motion for reconsideration, the magistrate judge's sanction order
will be modified to preclude the introduction into evidence of
any documents responsive to Interrogatory 4(c) that were not
produced to the plaintiffs within thirty days after the May 8,
2007 order denying the defendant's motion for reconsideration.
The remaining objections to the magistrate judge's sanction order
will be overruled.

II.  ORDER GRANTING THE PLAINTIFFS' MOTION TO COMPEL

Three months after the close of discovery, the plaintiffs
filed a motion to

> compel [the defendant] to satisfy [her] discovery
> obligation to search and produce responsive e-mails and
> electronic documents, and to do so pursuant to a
> transparent process approved by the Court that

> includes, but is not limited to, identifying where
> Defendant must conduct this search, whose e-mails and
> electronic documents must be searched, and what search
> terms should be employed to conduct these searches.

(Pls.' Mot. to Compel Def. to Comply with [Her] Discovery

Obligation to Search & Produce Responsive E-mails and Electronic

Documents ("Pls.' Mot. to Compel") at 4.)  The plaintiffs alleged

that throughout discovery, the defendant lodged boilerplate

objections to the plaintiffs' document requests, but then

continued to produce documents responsive to many of the

plaintiffs' requests.  The plaintiffs further alleged that while

the defendant was producing responses, she did not inform the

plaintiffs that she was not producing all documents responsive to

the plaintiffs' requests or that she was unilaterally limiting

her search efforts, including by not searching for electronic

documents.  After receiving a letter from the defendant dated

June 5, 2007, in which the defendant explained what limited

efforts it had made to search for responsive electronic documents

for some of the plaintiffs' document requests, the plaintiffs

filed their motion to compel the defendant's compliance with her

discovery obligations under Rules 26 and 34.

   After a hearing on the motion, the magistrate judge granted

the plaintiffs' motion to compel and ordered the defendant "to do

what the Federal Rules of Civil Procedure already require in no

uncertain terms, and that is to search for the responsive

documents and produce them."  (Sept. 13, 2007 Hr'g Tr. 94:18-22.)

She then ordered the parties to file a joint status report after
defense counsel and "anyone else who need[ed] to be involved in
the process ha[d] made a good faith effort to determine what
[was] required to comply with the federal rules." (<u>Id.</u> at 95:3-
6.)  In addition, the magistrate judge sanctioned the defendant
by ordering her to pay "the Plaintiffs' costs, including
reasonable attorney's fees, of moving to compel discovery" within
thirty days of the date of her order.  (<u>Id.</u> at 97:5-10.)

The defendant has filed objections to the magistrate judge's
order granting the plaintiffs' motion to compel, alleging that
the magistrate judge erred by not rejecting the plaintiffs'
motion as untimely, by not considering each of the plaintiffs'
document requests and the defendant's corresponding objections,
and by failing to sustain the defendant's undue burden claim.  In
addition, the defendant contends that the magistrate judge abused
her discretion by requiring the defendant to pay plaintiffs'
costs of bringing their motion within thirty days of her order
because the defendant's opposition to the plaintiffs' motion was
justified and because the sanction order lacked a date by which
the plaintiffs were to submit their costs to the defendant.

    A.   <u>Order compelling discovery</u>

        1.   Timeliness

The defendant contends that the magistrate judge's order
granting the plaintiffs' motion to compel should be vacated

because the magistrate judge failed to rule on the timeliness of the plaintiffs' motion and because the motion to compel was untimely.  Although the magistrate judge did not expressly rule on the timeliness of the plaintiffs' motion to compel, timeliness was an issue clearly raised in the defendant's opposition to the plaintiffs' motion to compel and an issue to which the plaintiffs devoted a portion of their reply.  The magistrate judge stated on the record that she reviewed the parties' filings before the hearing on the plaintiffs' motion to compel and her ruling from the bench on the merits of the plaintiffs' motion.  (See Sept. 13, 2007 Hr'g Tr. 88:9-18.)  Thus, it is evident that the magistrate judge, after having the opportunity to review the defendant's timeliness challenge, found the plaintiffs' motion to be timely because she proceeded to hear arguments and rule on the merits of the plaintiffs' motion.

Moreover, the defendant has not shown the magistrate judge's conclusion that the plaintiffs' motion was timely to be in error. In their motion, the plaintiffs alleged that their concern that the defendant "had not searched for all responsive e-mails arose" in December 2006 when the defendant produced "a few responsive e-mails" that "should have been included in [the defendant's] production several months earlier."  (Pls.' Mot. to Compel at 2.) The plaintiffs also alleged that despite "repeated inquiries into the matter," it was not until a June 5, 2007 letter that the

defendant "admitted, for the first time, that [she had] not complied with [her] obligations under Rules 26 and 34 of the Federal Rules of Civil Procedure to search for and produce all responsive electronic documents."  (<u>Id.</u> at 2-3.)

The defendant alleges that the plaintiffs were on notice from the defendant's response to the plaintiffs' first document requests in February 2005 that the defendant was not responding in full to their document requests because the defendant lodged specific objections to many requests.  (Def.'s Obj'ns to Order Granting Mot. to Compel at 18.)  In addition, the defendant contends that the plaintiffs' previous filing of a motion to compel an electronic search in response to plaintiffs' document request number 10 in June 2005 is evidence that plaintiffs knew the defendant was not searching for all electronic documents at that time.  (<u>Id.</u> at 18-19.)  The defendant argues that "certainly by June 2005 plaintiffs knew that defendant was not conducting electronic searches in response to every document production request plaintiffs had served on [the] defendant[,]" and "[a]t that time[,] plaintiffs should have raised all issues concerning electronic searches for document requests served on defendant by that date."  (<u>Id.</u> at 19.)

With respect to the defendant's contention that her objections to the plaintiffs' first document requests put the plaintiff on notice that it was not conducting electronic

searches for responsive documents, the magistrate judge properly
rejected the defendant's general objections as insufficient to
excuse the defendant from her obligation to conduct electronic
searches.  In response to many of the plaintiffs' document
requests the defendant raised objections utilizing boilerplate
language from Rule 26, stating that a request was overly broad,
was unduly burdensome, would result in needless duplication, or
was not reasonably calculated to lead to the discovery of
admissible evidence.  Nonetheless, the defendant continued to
produce documents in response to many of the plaintiffs'
requests.

Courts entertain overbreadth and undue burden objections
only when the responding party demonstrates how a request is
overly broad or unduly burdensome.  See Tequila Centinela, S.A.
de C.V. v. Bacardi & Co. Ltd., 242 F.R.D. 1, 10 (D.D.C. 2007);
United States ex rel Fisher v. Network Software Assocs., 217
F.R.D. 240, 246 (D.D.C. 2003).  A responding party "cannot
'merely state, in conclusory fashion,'" that a request is
overbroad or unduly burdensome.  Fisher, 217 F.R.D. at 246
(quoting Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 181, 191
(D.D.C. 1998)).  When a responding party asserts a conclusory
overbreath or undue burden objection and then continues to
produce documents in response to a request, the opposing party is
left "wondering what documents are being produced and what are

being withheld." Athridge, 184 F.R.D. at 190.  The objection
"serves only to obscure potentially discoverable information and
provides no mechanism for either plaintiffs or the [c]ourt to
review a defendant's decisions." Id.  Thus, "[s]uch an objection
is really no objection at all as it does not address why
potentially responsive documents are being withheld." Id.

     Here, to support her claim that the plaintiffs' motion is
untimely, the defendant has identified only general objections
such as overbreath, undue burden, and needless duplication that
were wholly unsupported with any detail reflecting as grounds
that the request sought a response that included searches for
electronic documents.  Accordingly, the defendant has not shown
it was error for the magistrate judge to reject the defendant's
contention that these objections notified the plaintiffs that the
defendant was unilaterally deciding to not search for electronic
documents or to limit her searches for electronic documents.
Similarly, to the extent the defendant relies on the plaintiffs'
prior motion to compel where the plaintiffs challenged the
defendant's efforts to search for electronic documents in
response to one particular document request, this dispute over a
single request does not demonstrate that the plaintiffs had
knowledge of the defendant's widespread failure to search for
responsive electronic documents.  Accordingly, the defendant has
not shown that the magistrate judge's decision to deem the

plaintiffs' motion timely, as evidenced by the magistrate judge's
ruling on merits, was clearly erroneous.

> 2.   Consideration of each discovery request and
>      corresponding objections

The defendant contends the magistrate judge "clearly erred
in not considering each of plaintiffs' document requests, and all
of the defendant's specific objections to those requests, and
separately ruling on all of the objections raised" before setting
aside all of the defendant's objections to the plaintiffs'
document requests.  (Def.'s Obj'ns to Order Granting Mot. to
Compel at 26.)  As an example of the magistrate judge's purported
error, the defendant contends that the magistrate judge set aside
all of the defendant's relevance objections challenging whether
the kind of information sought in a request was "'relevant to a
claim or defense of any party,'" even though the plaintiffs
conceded at the hearing they were not bringing their motion to
compel to challenge the defendant's relevance objections.  (Id.
at 24.)  While there could be merit in the defendant's argument
that it is error for an order to set aside all of the defendants'
objections in response to a motion to compel that did not even
challenge all of the defendant's objections, the defendant has
not established the magistrate judge's ruling actually did set
aside of all of the defendant's objections.

As is discussed above, in granting the plaintiffs' motion to
compel, the magistrate judge clearly disposed of the objections

that the defendant contended relieved the defendant of her obligation to search for electronic documents in whole or in part.  However, there is nothing in the magistrate judge's bench ruling that suggests the magistrate judge sua sponte expanded the scope of the plaintiffs' motion and overruled objections that went unchallenged by the plaintiffs' motion.  While the plaintiffs' motion applies to all document requests, it does not appear to raise an untimely challenge to every objection raised in response to their requests.  As the defendant points out, the plaintiffs expressly conceded as much at the hearing with respect to the defendant's relevance objections.  (See Sept. 13, 2007 Hr'g Tr. 38:6-13.)  Although the order granting the plaintiffs' motion to compel broadly ordered "the Defendant to do what the Federal Rules of Civil Procedure already require in no uncertain terms, and that is to search for the responsive documents and produce them" (id. at 94:18-22), the magistrate judge explained she expressly limited her ruling "to the discovery which is the subject of the motion[.]"  (Id. at 90:18-25.)  In light of this limiting language, the order granting the plaintiffs' motion to compel will not be construed as setting aside all of the defendant's objections to the plaintiffs' document requests.

Admittedly, while the magistrate judge's found that "the parameters of the [plaintiffs'] motion [were] clear[,]" (id. at 89:19-20), it is not readily apparent to this court from the

plaintiffs' motion or the magistrate judge's order which
objections were outside the scope of the plaintiffs' motion and
the magistrate judge's ruling.[2]  It is a reasonable inference,
however, that the magistrate judge envisioned that any
disagreement between the parties as to the scope of her order
would be addressed first by counsel during their communications
regarding search parameters.  The magistrate judge's choice to
provide a broad order requiring the defendant to comply with her
obligation to search for and produce responsive electronic
documents and then ordering the parties to confer and file a
joint status report explaining how the defendant would comply
with her obligation was well within the magistrate judge's
discretion to resolve discovery disputes.  Her course of action
afforded the defendant the opportunity to discuss with the
plaintiffs the scope of the relief ordered, including how
objections not challenged by the plaintiffs' motion affected the
defendant's obligation to search for electronic documents, and to
attempt to resolve disputes on the scope of the defendant's
obligation between the parties themselves first so as not to
encumber judicial resources.  The defendant was free to seek
clarification of her obligation either through the ordered joint
status report or by appropriate motion.  The defendant, by

---

[2]Nor is it clear what effect the magistrate judge's ruling
has on previous agreements reached by the parties with respect to
particular document requests.

failing seek appropriate clarification before the magistrate
judge through the process she provided or otherwise, has failed
to develop a record before the magistrate judge to support the
defendant's assertion that the magistrate judge actually did
overrule all of the defendant's objections to the plaintiffs'
documents requests.  Thus, the defendant has not shown the
magistrate judge's ruling was clearly erroneous for doing so, and
the defendant's objection to the magistrate judge's failure to
specifically consider each discovery request and corresponding
objection is overruled.

      3.   Undue burden

    The defendant alleges that the magistrate judge erred by not
sustaining her claim of undue burden that would be caused by
granting the plaintiffs' motion.  The defendant contends that
many of plaintiffs' requests were overbroad because they sought
"all documents that 'reflect, record or relate in way' to a
particular subject matter."  (Def.'s Obj'ns to Order Granting
Mot. to Compel at 28 (quoting language from Docket No. 462,
Exh. 2).)  The defendant alleges this "tremendously overbroad"
language would "require [the] defendant to perform electronic
searches for all possible key words related to the 145 document
requests for numerous current and former Special Agents and
Supervisory Special Agents."  (Id. at 29.)  The defendant
contends it submitted "unrebutted declarations" explaining the

undue burden that would be placed "on the Secret Service's ability to fulfill its core mission if the broad searches contemplated by the plaintiffs' requests were required."  (Id. at 27 (citing Def.'s Opp'n to Pls.' Mot. to Compel, Exs. 13 (Simms Decl.), 14 (Pupillo Decl.)).)

The magistrate judge, while recognizing that a district court in another case deemed certain requests seeking documents which "'relate to' anything regarding certain pay amendments [as] overbroad," held that the plaintiffs' requests in the present case are not overbroad as a matter of law simply for utilizing such language.  Instead, the magistrate judge found that the defendant's overbreadth objections were unwarranted in this action.  In rejecting the defendant's claim, the magistrate judge found the declarations explaining the burden of producing the discovery sought were "largely conclusory with respect to the harm that would be wrought or the interference with other Agency operations which would be occasioned by a search" because the defendant's representation of the search required came "in the absence of any real effort to determine what documents exist that are responsive to the Plaintiffs' discovery requests." (Sept. 13, 2007 Hr'g Tr. 92:6-17.)

The defendant has provided no authority suggesting that as a matter of law, the plaintiffs' use of broad language in their documents requests insulates the defendant from providing

responsive electronic documents.  Contrary to the defendant's
assertion that the plaintiffs' motion and the magistrate judge's
order mandate the defendant to undertake tremendously burdensome
searches "for all possible key words related to the [plaintiffs']
145 document requests," the magistrate judge's order concludes
only that the defendant must "comply with its [sic] obligation
under the Federal Rules" to search for and produce the documents
responsive to the plaintiffs' requests.  The magistrate judge's
ruling did not specify precisely how the defendant had to fulfill
her obligation to search for and produce electronic documents.
Instead, it directed the parties to confer and file a joint
status report regarding how much time the defendant would need to
produce documents after determining what efforts would be needed
to comply with the court's ruling.  The plaintiffs' motion to
compel and subsequent filings repeatedly indicate a willingness
to work with the defendant and the court to develop narrow search
parameters that would fulfill the defendant's discovery
obligations while minimizing the burden to the defendant.  (Pls.'
Mot. to Compel at 5; Pls.' Reply in Support of Their Mot. to
Compel at 10-11, 14-15; Pls.' Opp'n to Def.'s Obj'ns to Order
Granting Mot. to Compel at 27.)  Given the magistrate judge's
wide discretion to fashion appropriate relief, it was not clearly
erroneous to reject the defendant's highly speculative claim of
undue burden resulting from the plaintiffs' use of broad wording

when the defendant was afforded an opportunity to work with the
plaintiffs to focus the defendant's search efforts and minimize
any potential burden.  The defendant has not shown error in the
magistrate judge's rejection of the claim that the discovery
sought by the plaintiffs' motion to compel was so overbroad that
it would be unduly burdensome.

The defendant contends that the magistrate judge should have
sustained the undue burden claim because the plaintiffs' motion
would require the defendant to conduct keyword searches for
electronic documents where it is clear that no responsive
documents exist in any form for a particular request or where the
information sought by a request does not implicate electronic
searches.  However, the magistrate judge's order requires only
that the defendant comply with her obligation under the federal
rules.  The federal rules certainly obligate the defendant at
least to consider whether responsive electronic documents may
exist for a particular document request.  The magistrate judge's
order does not require the defendant to undertake a futile
search, though, where the defendant determines that no documents
could exist in any form or determines that no electronic
documents could exist that are responsive to the plaintiffs'
requests after making a good faith reasonable effort to determine
whether any documents could exist in any form that are responsive
to a particular request.  Thus, the defendant's objections

arguing that the magistrate judge's ruling improperly requires her to conduct searches for requests that have no responsive documents or do not implicate electronic documents lack merit and will be overruled.

Finally, the defendant contends that the magistrate judge erred in not concluding that electronic searches would result in "needless duplication" because the defendant has already produced over 12,700 e-mails to the plaintiffs and electronic searches would be an undue burden because electronic searches are likely to "result in many instances of duplication of what has already been produced."  (Def.'s Obj'ns to Order Granting Mot. to Compel at 32.)  As the magistrate judge observed, the defendant presented no evidence in support of her claim demonstrating that she made "any real effort to determine what documents exist that are responsive to the Plaintiffs' discovery requests." (Sept. 13, 2007 Hr'g Tr. 92:16-17.)  Although, in all likelihood, the electronic searches sought may result in some duplication, having failed to adequately explain what responsive electronic documents may exist that have not been produced to the plaintiffs, the defendant has not shown that any duplication arising from already-produced e-mails would be "needless."[3]  The

---

[3]Moreover, the defendant could use the meet-and-confer process regarding search parameters to assess whether certain requests were sufficiently satisfied by already-produced documents.

defendant has not shown the magistrate judge erred in rejecting
her claim that the already-produced e-mails were sufficient to
satisfy the defendant's duty to search for and produce electronic
documents.  Accordingly, because the defendant has not shown that
the magistrate judge erred in concluding that the plaintiffs'
motion to compel would not cause an undue burden on the
defendant, the defendant's objections to the magistrate judge's
rejection of her undue burden claim will be overruled.

  B. <u>Sanction</u>

  The defendant alleges that the magistrate judge's imposition
of a sanction requiring the defendant to pay to the plaintiffs
the fees and costs of bringing their motion to compel within
thirty days of her order was erroneous because the defendant
raised legitimate objections to the plaintiffs' discovery
requests and because the sanction award did not set a date by
which the plaintiffs had to provide the defendant with an
itemization of their fees and costs.  Under Rule 37(a), a court
must award the moving party "reasonable expenses incurred in
making the motion" to compel unless (1) the movant filed the
motion before making a good faith effort to resolve the dispute
without court action; (2) "the opposing party's nondisclosure,
response, or objection was substantially justified;" or (3)
"other circumstances making an award of expenses unjust."  Fed.
R. Civ. P. 37(a)(5).  For the reasons discussed above, the

defendant has not shown that her failure to conduct electronic
searches for responsive documents was substantially justified or
that any other circumstances make the sanction imposed unjust.[4]
With respect to the timing of payment, the defendant's objection
to the magistrate judge's order requiring payment within thirty
days of the order regardless of when the plaintiffs submit their
itemization to the defendant will be sustained in part.  To the
extent that payment has not yet been made, the magistrate judge's
order will be modified to require payment within thirty days of
the plaintiffs' service of their itemization of the fees and
costs associated with bringing their motion to compel.  The
defendant's objection to the sanction award is overruled in all
other respects.

<u>CONCLUSION AND ORDER</u>

Because under the court's May 8, 2007 order, the defendant
was afforded additional time to produce documents in response to
the plaintiffs' Interrogatory 4(c) that were the subject of the
April 26, 2007 preclusion sanction issued by the magistrate
judge, the sanction order will be modified to bar the use of
documents produced out of time under the May 8 order.  Because
the defendant has not shown the magistrate judge's granting of
the plaintiffs' motion to compel searches for electronic

---

[4]The defendant did not object to the award on the basis that
the plaintiffs filed their motion before attempting in good faith
to resolve this dispute.

documents to be erroneous and has not shown its position on the
plaintiffs' motion to be substantially justified, the defendant's
objections to the order granting the plaintiffs' motion to compel
and imposing a monetary sanction will be overruled.  The
defendant's objection to the sanction order's failure to ensure
the defendant is given a reasonable time period between the
plaintiffs' submission of costs and the time for payment will be
sustained.  Accordingly, it is hereby

ORDERED that the defendant's objections [441] to the
magistrate judge's oral ruling on plaintiffs' motion for
sanctions be, and hereby are, OVERRULED IN PART and SUSTAINED IN
PART.  The defendant is precluded from introducing as evidence in
any stage of this litigation any information responsive to
plaintiffs' Interrogatory 4(c) that was not timely produced to
plaintiffs within thirty days of the court's May 8, 2007 order.
The defendant's objections are overruled in all other respects.
It is further

ORDERED that the defendant's objections [473] to the
magistrate judge's oral ruling on plaintiffs' motion to compel an
electronic search be, and hereby are, OVERRULED IN PART and
SUSTAINED IN PART.  The defendant is ordered to pay plaintiffs'
costs of moving to compel within thirty days of receiving an
itemization of plaintiffs' costs.  The defendant's objections are
overruled in all other respects.

23

SIGNED this 7th day of August, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge