**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
**REGINALD G. MOORE, <u>et al.</u>,**     )
                                    )
      **Plaintiffs,**          )
                                    )
        **v.**               )      **Civil Action No. 00-953 (RWR)**
                                    )
**JEH JOHNSON,**                    )
                                    )
      **Defendant.**           )
_____)

<u>**MEMORANDUM ORDER**</u>

Plaintiffs, African-American current and former special agents of the United States Secret Service, bring this employment discrimination action individually and on behalf of a class of African-American special agents.  The government moves to reconsider the court's September 3, 2013 Order ("Order") denying its request to reopen discovery.  Because the government fails to show that reconsideration is warranted, the government's motion will be denied.

The government moves under Federal Rule of Civil Procedure 54(b) to reconsider the Order denying the government's request to reopen expert and fact discovery.  Def.'s Mot. for Reconsideration of Sept. 3, 2013, Order Denying Post-Certification Fact and Expert Discovery ("Govt.'s Mot.").  The case was referred to Magistrate Judge Robinson to manage discovery proceedings.  Fact and expert discovery closed in 2008

and the class was certified in February 2013.  The government
initially asked to reopen discovery in the parties' July 29, 2013
Joint Status Report, stating that the government "may explore
additional areas of expert statistical evidence" and it "has a
right to seek fact discovery from the class members as to the
issue of liability and damages."  July 29, 2013 Joint Status
Report and Proposed Order ("July 2013 JSR") at 7.  The government
asserts that it was unable to engage in this discovery before now
because it "did not know at that time that these individuals
would be presenting anecdotal evidence on behalf of the class"
and "now that the class is defined, defendant will seek to depose
other now identified class members."  Id.  This request was
denied at a status hearing held on July 31, 2013 and in the
Order.

Courts may reconsider any interlocutory decision, such as a
discovery ruling, "at any time before the entry of a judgment
adjudicating . . . all the parties' rights and liabilities."
Fed. R. Civ. P. 54(b); see also DL v. District of Columbia, 274
F.R.D. 320 (D.D.C. 2011) (denying motion to reconsider discovery
ruling under Rule 54(b)); Husayn v. Gates, 588 F. Supp. 2d 7
(D.D.C. 2008) (granting motion to reconsider discovery ruling
under Rule 54(b)).  "[R]elief upon reconsideration . . . is
available 'as justice requires.'"  Estate of Botvin ex rel. Ellis
v. Islamic Republic of Iran, 772 F. Supp. 2d 218, 223 (D.D.C.

2011) (quoting Childers v. Slater, 197 F.R.D. 185, 190 (D.D.C. 2000)).  Under this standard, a court considers "whether [it] patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred."  In Def. of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (internal quotation marks omitted).  "However, in order to promote finality, predictability, and economy of judicial resources, as a rule [a] court should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  Pueschel v. Nat'l Air Traffic Controllers' Ass'n, 606 F. Supp. 2d 82, 85 (D.D.C. 2009) (alterations in original) (internal quotation marks omitted).  Nor is a motion for reconsideration to be used as an opportunity to rehash arguments previously made and rejected. Michilin Prosperity Co. v. Fellowes Mfg. Co., Civil Action No. 04-1025 (RWR), 2006 WL 3208668, at *1 n.1 (D.D.C. Nov. 7, 2006). "[W]here litigants have once battled for the court's decision, they should [not] be . . . permitted[] to battle for it again." Pueschel, 606 F. Supp. 2d at 85 (alterations in original) (internal quotation marks omitted).

The government's motion reiterates that discovery should be reopened and that it would be prejudiced by a refusal to reopen discovery.  However, as the government points out, it made these very arguments at the hearing.  See Govt.'s Mot. at 11.  The government has not shown that the Order resulted from any misunderstanding, or exceeded the scope of the parties' arguments, or failed to consider information presented.  See Negley v. FBI, 825 F. Supp. 2d 58, 60-61 (D.D.C. 2011).  To the contrary, the transcript reflects consideration of the government's argument about its need for additional discovery. Hr'g Tr., July 31, 2013, at 5:6-23.  Neither has the government identified any "controlling or significant" legal changes warranting reconsideration.  Negley, 825 F. Supp. 2d at 60.

The government argues that the Order was "based upon the misapprehension that the Secret Service was previously permitted to engage in full class discovery."  Govt.'s Mot. at 2.  However, there is no misunderstanding about the facts.  The initial scheduling order "was not limited to class certification, it was not limited to . . . experts on class certification; it was an order that permitted, essentially, general discovery on liability issues and everything else."  Hr'g Tr., July 31, 2013 at 5:20-23; see also Hr'g Tr., May 8, 2006 at 32:8-12 ("Simply put, there is no basis that has been presented which would suggest that this Court would appropriately exercise its discretion to . . .

otherwise limit discovery at this time."). Many of the government's arguments center on the inefficiency of conducting merits discovery before class certification, e.g., Govt.'s Mot at 14 (citing the Federal Judicial Center Manual to contend that "it is inefficient and inadvisable to require that all discovery occur before a class has been certified"); id. at 2 (explaining that discovery now "can be appropriately tailored so that it focuses on only the certified claims"), but that is not at issue here. The government's request to bifurcate class certification and merits discovery was rejected, and discovery on both the individual and class claims was ordered to proceed. See Hr'g Tr., May 8, 2006 at 32:8-12 (denying bifurcation); id. at 34:14-16 (ordering plaintiffs' and defendant's discovery on individual and class claims to begin immediately); Reply in Support of Mot. for Reconsideration of Sept. 3, 2013, Order Denying Post-Certification Fact & Expert Discovery ("Reply") at 4 (acknowledging that discovery on the class claims was ordered in 2006). The government's need for the evidence for a trial on the class claims, Govt.'s Mot. at 14, does not necessitate reconsideration. The government has had an ample opportunity to explore the class issues since discovery closed in 2008, over a year after the second amended complaint was filed in August 2006. This discovery period was not limited to individual claims discovery by the second amended complaint, the scheduling order,

or any other court orders.  Indeed, "there was no surprise that this was going to end up being a class case."  Hr'g Tr., July 31, 2013 at 8:17-22.

The government's belated assertion that it was denied absent class discovery by Magistrate Judge Robinson's ruling, Govt.'s Mot. at 6-7, 17, could -- and should -- have been squarely presented before now.  Instead, the government merely asserted that it had a right to additional discovery, and that it could not engage in this discovery earlier because it did not know who the potential witnesses were.  July 2013 JSR at 7; see also Hr'g Tr., July 31, 2013 at 7:6-21.  Similarly, the government initially only cited general cases that allowed fact and expert discovery after the class certification discovery, cases which were rejected as inapposite, see Hr'g Tr., July 31, 2013, at 5:7-18.  The government did not provide any legal authority justifying its request for absent class discovery, nor did it explain why the discovery it already had the opportunity to conduct was insufficient.  A motion to reconsider is not "a vehicle for presenting theories or arguments that could have been advanced earlier."  Clay v. District of Columbia, Civil Action No. 03-466 (SBC), 2005 WL 1378768, at *1 (D.D.C. June 6, 2005).

The government repeatedly states that it believed that "there would be post-certification discovery of absent class members," e.g., Reply at 5-8; Govt.'s Mot. at 7; July 2013 JSR at

8 (asserting that "[i]f pre-certification discovery was the only discovery to be allowed in this class action case, the parties should have been put on notice that no post-certification discovery would be allowed"), but as is discussed above, there was no indication that the government would be permitted to engage in additional discovery after the discovery period had ended.  Indeed, the government specifically requested that discovery be revisited and a new schedule be set if the class was ultimately certified, see May 4, 2006 Joint Status Report at 5, 5 n.3, but this request was rejected.  See Hr'g Tr., May 8, 2006 at 32:8-12.  While the government moved for reconsideration of that order, the motion for reconsideration was denied without prejudice in the July 7, 2006 Memorandum Opinion and the government did not renew its objection.

The denial of the government's motion to compel the plaintiffs to produce information "about potential class members prior to certification," Reply at 5, does not compel another conclusion.  Magistrate Judge Robinson did not say that additional discovery from the absent class members would be available later, the government did not then request that such discovery be available later, and the government did not appeal Magistrate Judge Robinson's decision.  The government's claims about whether it received sufficient discovery, see, e.g., Govt.'s Mot. at 6, Reply at 5-6, from the plaintiffs during the

discovery phase is not at issue, nor is it relevant to
determining whether reopening discovery is appropriate.  See
Childers, 197 F.R.D. at 188 (listing factors relevant to
reopening discovery).  Moreover, it is not clear that the
government requested the same information then that it is
requesting now.  Compare Reply Ex. 4 ("What we're seeking is
information that Plaintiffs currently possess regarding people
who are likely to be members of the class.") with Govt.'s Mot. at
17 (asserting that the government should be able to now depose
absent class members that provided declarations as well as
"conduct related discovery about their assertions").  Thus,
whether the government's motion to compel written discovery from
the plaintiffs was denied has little bearing on whether the
government was previously foreclosed from pursuing the discovery
it now seeks.  Ultimately, the government provides no legal
authority that its own misapprehension about the scope of
discovery suffices to show either that discovery should be
reopened or that reconsideration should be granted.

In any event, even if reconsideration was justified and the
government raised this argument in its first request to reopen
discovery, the government has not sufficiently demonstrated that
it is entitled to absent class discovery.  The government, as the
requesting party, has the burden to show that discovery from
absent class members is warranted, because, for example, the

discovery is necessary or unavailable from the representative

parties.  See United States v. Trucking Emp'rs, Inc., 72 F.R.D.

101, 104-05 (D.D.C. 1976).  While the government now contends

that it was prevented from obtaining discovery about potential

class members and their claims by Magistrate Judge Robinson's

ruling, see Govt.'s Mot. at 6-7, 17, the government still has not

answered the threshold question of why that discovery is

warranted.  The government rests on its argument that it "should

be provided the opportunity to depose these declarants who have

figured prominently in this case," and because the members "'may

be witnesses, [defendant] has the right to discovery beyond what

the absent class members have said to establish the factual

incorrectness of what they have said or to see if their

experiences were frequent or aberrational.'"  Govt.'s Mot. at 17

(alteration in original) (quoting Disability Rights Council of

Greater Wash. v. WMATA, Civil Action No. 04-498 (HHK/JMF), 2006

WL 2588710, at *1 (D.D.C. Sept. 7, 2006)).  This fails to

demonstrate why absent class member discovery is necessary or

unavailable from the representative parties, what particular

information is needed from the absent class members, or how that

information relates to the common class issues.  See, e.g.,

Barham v. Ramsey, 246 F.R.D. 60, 64 (D.D.C. Nov. 8, 2007)

(denying absent class discovery because "[t]he Court is not

persuaded this information is necessary" to resolve class issues

about the defendants' motivations).  Without information about
how the discovery sought is relevant to the class issues, an
assessment cannot be made about the necessity of that discovery.

The government also has not shown that a legal error
occurred when the request to reopen expert discovery was
rejected.  Pueschel, 606 F. Supp. 2d at 85.  The government did
not offer any substantive arguments in support of its initial
request to reopen expert discovery.  See July 2013 JSR at 7; Hr'g
Tr., July 31, 2013, at 7:21-8:16 (stating that the expert did not
provide regression analysis but failing to state why the expert
did not conduct regression analysis earlier).  The government now
argues that "the Court had suggested that post-certification
discovery would be available," e.g., Reply at 12, 12, but fails
to point to any representation by the Court that post-
certification expert discovery would be available.  At best, the
government's proffered citations refer only to later factual
discovery, not expert discovery.  See Govt.'s Mot at 6-7; Reply
at 5-9.  The government also offers the fact that "[t]he Court
did not address whether liability-stage expert class discovery
might later proceed, should a class ultimately be certified on
the basis of the pre-certification evidence, including that
provided by plaintiffs' statistical expert," id. at 7, as support
for this contention.  Because expert discovery was not limited to
particular claims and there was no representation that later

expert discovery would be permitted, this is insufficient to show
that a manifest injustice would occur without reconsideration.
The government's attempt to re-litigate the same issues in its
motion for reconsideration does not satisfy Rule 54(b)'s
requirements, particularly when the government did not present
sufficient arguments supporting its initial request to reopen
discovery.  See Clay, 2005 WL 1378768, at *1.

Further, the government readily admits that it did not
initially request a more extensive expert report because, in
part, "the belief that the substantial cost of a regression
analysis could not be justified prior to the certification of a
class."  Govt.'s Mot. at 8; see also Govt.'s Mot at 16 (repeating
that "only now are the parties finally in a position to
efficiently and cost-effectively evaluate statistically" the
plaintiffs' claims).  The government also now argues that it
could not conduct expert analysis before because "the parameters
of any certified class were unknown," Govt.'s Mot. at 7, and it
"would have needed to conduct countless analyses, most of which
would have been rendered useless."  Govt.'s Mot. at 16.  These
strategic decisions offer no reason to reconsider the Order.  The
government does not demonstrate that there would be a manifest
injustice because of, for example, limitations in previous
rulings or scheduling orders that prevented it from conducting
the expert analysis it now desires before discovery closed.

Ultimately, regardless of whether bifurcation should have occurred, bifurcation of discovery between class certification and merits discovery did not happen.  The parties each made strategic decisions with respect to which fact and expert discovery in which to engage and from which to abstain.  Thus, the government's failure to engage in full merits discovery before the class certification does not require either reopening discovery, or reconsidering the decision denying the request to reopen discovery.  Because no error infected the decision to deny reopening discovery, and no manifest injustice will result from that decision, the government has not established that justice requires reconsideration.  Accordingly, it is hereby

ORDERED that defendant's motion [757] for reconsideration be, and hereby is, DENIED.  It is further

ORDERED that plaintiffs' motion [769] for leave to file a surreply is DENIED as moot.

SIGNED this 4th day of March, 2014.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge