**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REGINALD G. MOORE, et al., )<br>      Plaintiffs, )<br>           )<br>    v.        )<br>           )<br>ELAINE DUKE, Acting Secretary, )<br>U.S. Department of Homeland Security, )<br>      Defendant. )<br>           ) | Civil Action No. 00-953 (PLF/DAR) |

**STIPULATION REGARDING DELAYED DISTRIBUTION OF A PORTION**
**SETTLEMENT PROCEEDS DUE TO TREASURY OFFSET PROGRAM**

**Background**

The United States and the Class Members (the "Parties") entered into a settlement agreement settling the above-captioned case, which was approved by the Court on May 3, 2017. The monetary portion of that settlement is $24,000,000.

The United States has not yet disbursed the entire amount of the Settlement Proceeds in the above-captioned case. The United States paid $22,500,000 of the Settlement Proceeds, leaving $1,500,000 of the Settlement Proceeds outstanding.

Certain Class Members were flagged by the Treasury Offset Program ("TOP") as owing delinquent debts subject to collection by offset or levy. The United States's position is that it is required to withhold the maximum possible recovery that each of these individuals could receive (i.e., $300,000 for each such Class Member) until the Class Member's individual awards are determined by the Neutral, Michael Lewis (the "Neutral"), because: (1) the United States must offset or levy any non-exempted payment certified by a payment agency to a disbursing official on a voucher in accordance with 31 U.S.C. § 3325 or other similar authority, including payments certified by the Judgment Fund; (2) these Class Members were flagged by TOP; and (3) the United States cannot ascertain the proper portion of the Settlement Proceeds to offset or levy until individual awards are determined.

The outstanding amount of Settlement Proceeds that have not yet been paid represents $300,000 for each of the five Class Members who were flagged in TOP, for a total of $1,500,000. One of the five Class Members did not timely submit a claim form and thus will not receive any of the Settlement Proceeds. Consequently, the $300,000 originally set aside for this Class Member will be transferred to Plaintiffs for redistribution to the other Class Members who were not flagged by the TOP as owing delinquent debts subject to collection by offset or levy.

**Stipulation**

The Parties agree as follows:

1. The Parties agree that pursuant to normal operating procedures, the United States may continue to temporarily withhold from the Settlement Proceeds $300,000 for each of the four Class Members who submitted a timely claim form and who the United States maintains have outstanding debts to federal and/or state agencies, pending final disposition of the claims of those four class members.

2. The Parties agree that, once the Neutral has determined the final amount of the claim for a Class Member, the United States will make payment of that amount, minus any amounts required to be withheld to conduct an offset and/or levy. The United States will not offset or levy an amount to collect a debt owed by an individual that is greater than the amount of the individual's award.

3. Because one of the five Class Members who owes a debt to the government did not file a claim form and thus will not receive any of the Settlement Proceeds, the United States will distribute to Plaintiffs $300,000 for that Class Member according to the procedure set out in the Settlement Agreement. The $300,000 to be distributed to Plaintiffs may be redistributed to other Class Members who were not flagged by the TOP as owing delinquent debts subject to collection by offset or levy.

4. No additional money from the Settlement Proceeds beyond what they are awarded by the Neutral will be provided to the four Class Members who owe debts.

5. The Parties further agree that nothing in this Stipulation affects the rights of Class Members to challenge or otherwise contest with the federal or state agencies to which they purportedly owe debts the existence or validity of such debts.

Dated: September 21, 2017                           Respectfully submitted,


  /s/
E. Desmond Hogan (D.C. Bar # 458044)        Channing D. Phillips (D.C. Bar # 415793)
Kathryn Marshall Ali (D.C. Bar #994633)      United States Attorney for the District of Columbia
Hogan Lovells USA
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600                                              Daniel F. Van Horn (D.C. Bar # 924092)
                                                                    Chief, Civil Division



  /s/                                                                 /s/
John P. Relman (D.C. Bar # 405500)           Marina Utgoff Braswell (D.C. Bar # 416587)

| | |
|---|---|
| Jennifer I. Klar (D.C. Bar # 479629) | Benton G. Peterson (WI Bar # 1029849) |
| Megan Cacace (D.C. Bar # 981553) | Peter C. Pfaffenroth (D.C. Bar # 496637) |
| Relman, Dane & Colfax PLLC | Assistant U.S. Attorneys, Civil Division |
| 1225 Nineteenth Street, N.W., Suite 600 | 555 Fourth Street, N.W. |
| Washington, D.C. 20036 | Washington, D.C. 20530 |
| (202) 728-1888 | (202) 252-2552 |
| | |
| *Attorneys for Plaintiffs & the Class* | *Attorneys for Defendant* |